# BANKERS RESERVE LIFE COMPANY v. ANDREW OMBERSON.[1]

October 31, 1913.

Nos. 18,329—(88).

**Cancelation of insurance policy after loss.**

   1. An action brought after a loss under an insurance policy to cancel the policy for fraud, or to restrain an action at law thereon, cannot be maintained in the absence of some special circumstances of a nature to cause irreparable loss to plaintiff if he is relegated to his remedy at law by way of defense to an action on the policy. Where the remedy at law is adequate, equity will not grant relief.

**Pleading — speedy remedy at law.**

   2. The complaint in this case pleads no special circumstances of a nature

[1] Reported in 143 N. W. 735.

---

Note.—On the question of the power of equity to take jurisdiction of suit to cancel policy for fraud and to enjoin action at law on the policy, see note in 12 L.R.A.(N.S.) 881.

to cause irreparable loss if relief in equity is denied. It shows on its face that plaintiff's remedy at law is speedy, plain and adequate.

**No presumption of irreparable loss.**

3. The facts that the policy contains no limitation of the time in which an action may be brought thereon, and that such an action may be brought at any time before it is barred by statute, do not furnish a presumption of irreparable loss.

Action in the district court for Murray county to declare void a policy issued by plaintiff upon the life of Lillian Grace Omberson in which defendant was named as beneficiary. From an order, Nelson, J., overruling a demurrer to the complaint and ordering judgment in favor of plaintiff, and granting a temporary injunction against defendant upon plaintiff's filing an approved bond in the sum of $250, defendant appealed. Reversed.

*T. E. Diamond* and *M. J. Harrington,* for appellant.

*B. H. Whitney, Janes, Howard & Janes* and *James H. Adams,* for respondent.

BUNN, J.

This is an action to have declared void a policy of insurance issued by plaintiff on the life of the insured, payable at her death to the defendant, and to enjoin defendant from asserting any claim under the policy against plaintiff. Defendant demurred to the complaint, on the ground, among others, that plaintiff had an adequate remedy at law. The trial court overruled the demurrer and granted a temporary injunction enjoining defendant from asserting any claim on the policy and from bringing any suit thereon. Defendant appealed from the order overruling the demurrer and from the order granting the injunction.

The essential facts alleged in the complaint are as follows: Plaintiff is a life insurance company authorized to do business in Iowa. Defendant is a resident of Minnesota. January 12, 1912, Lillian Grace Omberson, then residing in Iowa and a daughter of defendant, made application to plaintiff for a policy of insurance on her life in the sum of $1,000, to be payable on her death to the defendant. In the application and in the statements made to the medical exam-

iner, the insured fraudulently represented that she was and had been for the past year in good health, and "free from all ailments, disease, weakness and infirmity," that she had not suffered any surgical operation, any injury or any disease not already mentioned, and answered falsely other questions as to her health and her consulting a physician during the past five years. It is alleged that these answers were wholly false and fraudulent, and made for the purpose of deceiving plaintiff and concealing the true facts in relation to her condition in order to induce plaintiff to issue a policy, and that plaintiff, on January 24, 1912, issued its policy for $1,000, in reliance upon the representations. It is further alleged that, in fa t, the insured, for more than five years prior to the date of the application, had been suffering from tuberculosis; that she had been operated upon in 1907 and again in 1910 for tubercular glands, and that continuously, both before and after these operations, she was afflicted with tubercular disease, and finally died therefrom on March 15, 1912.

April 1, 1912, defendant notified plaintiff of the death of the insured. Plaintiff investigated, discovered the fraud, and on April 9, 1912, notified defendant that it cancelled the policy and denied all liability thereunder, returning the premium note given by the insured and the amount of the cash premium paid. It is further alleged that defendant knew of the falsity of the representations in the application, and that they were made for the purpose of defrauding plaintiff and obtaining the policy. The complaint then alleges that defendant threatens to bring suit against plaintiff on the policy, "thereby causing * * * the public to believe that it is contesting a proper and legitimate claim, whereby the plaintiff will suffer great injury and loss for which it has no adequate remedy at law."

Does this complaint state a cause of action? The only ground of demurrer that is relied upon here is that it conclusively appears from the complaint that plaintiff had a plain, speedy and adequate remedy at law by way of defense to an action at law to recover on the policy.

This is clearly a case where the primary rights of plaintiff are legal in their nature, as distinguished from purely equitable rights

or interests. In such a case plaintiff may not demand and recover equitable remedies if the legal remedies which he may obtain are fully adequate to establish, protect and enforce his legal rights and interests. If however the legal remedies are inadequate, equity will interpose and do complete justice. In other words, where a plaintiff seeks equitable relief to protect a legal right, though equity has jurisdiction because of the nature of the relief demanded, it will not take cognizance of the case or grant the relief where it appears that plaintiff has a plain, speedy and adequate remedy at law. 1 Pomeroy, Equity Jurisprudence, §§ 220, 221; 1 Dunnell, Minn. Digest, § 3137, and cases cited.

The question in the case at bar is whether, in an action at law to recover on the policy, the insurer would have, by way of defense to such action, a plain, speedy and adequate remedy.

It seems quite clear, applying the general principle, that the remedy at law is plain, speedy and adequate. In view of the fact that the precise question has not been decided in this state, we will note some of the leading cases from the Federal and state courts in this country. As stated in the note to Woelfe v. The Sailors, 12 L.R.A.(N.S.) 881, where many of the cases are cited, the overwhelming weight of authority favors the conclusion that after a loss under a policy of insurance, an action to cancel the policy for fraud, or to enjoin an action at law thereon, cannot be maintained, because the remedy at law by way of defense to the action at law is plain, speedy and adequate.

In Insurance Co. v. Bailey, 13 Wall. 616, the action was in equity to cancel life insurance policies on the ground that they had been obtained by fraudulent representations. It was held that nothing appeared to show that the remedy at law might not be as complete and perfect as in equity, and that therefore the action could not be maintained. The court said: "By the death of the *cestui que vie* the obligation to pay, as expressed in the policies, became fixed and absolute, subject only to the condition to give notice and furnish proof of that event within ninety days. Notice having been given and the required proof furnished, the obligation to pay certainly became fixed by the terms of the policies and the sums insured became a purely

legal demand, and if so, it is difficult to see what remedy, more nearly perfect and complete, the applicants can have than is afforded them by their right to make defense at law, which secures to them the right of trial by jury. Where a party, if his theory of the controversy is correct, has a good defense at law to 'a purely legal demand,' he should be left to that means of defense, as he has no occasion to resort to a court of equity for relief, unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventive remedy." In Cable v. U. S. Life Ins. Co. 191 U. S. 288, 24 Sup. Ct. 74, 48 L. ed. 188, the facts were the same, except that an action at law on the policy had been begun before the equity suit was commenced. Insurance Co. v. Bailey was approved and followed. To the same effect are Home Ins. Co. v. Stanchfield, 1 Dillon, 424, Fed. Cas. No. 6,660, and Ætna Life Ins. Co. v. Smith, (C. C.) 73 Fed. 318. The former case was decided by the United States circuit court for the district of Minnesota in 1870, Circuit Judge Dillon writing the ⌐pinion, Mr. Justice Miller concurring. The case is a leading one and is persuasive. Some reliance is placed in the opinions upon the limitation in the policy as to the time of bringing suit, Mr. Justice Miller saying that this, and the allegation that defendants were threatening to sue at law, showed there was no danger of indefinite delay. In Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. ed. 451, it was sought to have a contract rescinded on the ground of fraud, but it was held that there was an adequate remedy at law. In Manchester Fire Assur. Co. v. Stockton (C. C.) 38 Fed. 378, the action was to have declared void on account of fraud an adjustment of a loss under fire insurance policies. A demurrer to the bill was sustained because there was a plain, adequate and complete remedy at law. Riggs v. Union Life Ins. Co. 129 Fed. 207, 63 C. C. A. 365, decided by the Circuit Court of Appeals for the Eighth circuit, is exactly in point. Orders of the trial court granting injunctions forbidding defendants from bringing actions at law upon policies of life insurance alleged to have been procured by fraud were reversed on the ground that, the loss having occurred, there was an adequate remedy at law.

123 M.—19.

The decisions of the state courts are not much less uniform. The principle that equity has concurrent jurisdiction in cases of fraud, or where an equitable remedy is asked, is not questioned. Whether it be said that it is a matter of discretion with the chancellor to proceed when there is an adequate remedy at law, or, as generally in America, that the equity court will not assume jurisdiction, or proceed in the particular case, when the remedy at law is plain, speedy and adequate, is quite unimportant here. In this country, in addition to the general usage and practice of courts of equity not to take jurisdiction where the complainant has a full, plain and adequate remedy at law, the courts are influenced by the consideration that granting equitable relief in such a case deprives the defendant of the right to have the issues tried by a jury. In Shenehon v. Illinois Life Ins. Co. 100 Ill. App. 281, 293, the court used language that seems to fit the present case: "The present bill is a plain, undisguised attempt to deprive the defendant of an opportunity to have the alleged facts as to the procuring of the policy by fraud tried by a jury."

"It cannot be pretended that a judgment for complainant at law will not as fully, completely and adequately relieve it from the claim of Mary E. Shenehon as could a decree of a court of chancery."

"If the complainant can succeed in this case the greater portion of all suits upon fire and life insurance policies will be swept into the equity court. The majority of such suits are defended upon the ground of fraud by the insured either in the procuring or after the insurance."

"The case is not one wherein, under the constitution of this state, the chancellor may step in and deny to the defendant the right of trial by jury."

In Des Moines Life Ins. Co. v. Seifert, 210 Ill. 157, 71 N. E. 349, the supreme court of Illinois sustains the doctrine of the Shenehon case.

Johnson v. Swanke, 128 Wis. 68, 107 N. W. 481, 5 L.R.A.(N.S.) 1048, 8 Ann. Cas. 544, was an action to cancel a promissory note on the ground of fraud. The court holds, in accordance with the general rule, that the action cannot be maintained, unless there are

special circumstances making the defensive legal remedy inadequate to promote the ends of justice and afford complete relief. The case is well considered and all the authorities are cited. Its particular value is in the statement that the jurisdiction of equity in this country has been restricted in deference to the constitutional guaranty of the right of trial by jury, and in its definition of the "special circumstances" which must exist to warrant a court of equity in proceeding. Judge Marshall [at page 74] said:

"Now what will satisfy the call for special circumstances, in a case of this sort, enabling the injured party to invoke equity jurisdiction, cannot be determined by any rule so phrased as to exactly fit all situations. * * * The rule covering the subject cannot, in the very nature of things, go further than to require that such circumstances must be of a nature which would cause some irreparable loss to the party if he were not permitted to have the use of equity jurisdiction."

The Wisconsin court decides that the mere fact that the plaintiff is compelled to wait upon the pleasure of the defendant to bring suit, both as to the time and place, does not raise any presumption of irreparable injury.

It remains to note the cases which take the contrary position. Outside of a few English and Canadian cases, notably Whittingham v. Thornburgh, 2 Vern. 206, 2 Eq. Cas. Abr. 635, and National Life Assur. Co. v. Egan, 20 Grant Ch. (U. C.), 469, the courts of Michigan are practically alone in support of the view that an action to cancel an insurance policy for fraud, or to enjoin an action at law thereon, can be maintained after the loss. John Hancock Mut. Life Ins. Co. v. Dick, 114 Mich. 337, 72 N. W. 179, 43 L.R.A. 566; Mactavish v. Kent Circuit Judge, 122 Mich. 242, 80 N. W. 1086; Fidelity Mutual Life Ins. Co. v. Blain, 144 Mich. 218, 107 N. W. 877. It is sufficient to say of the Michigan cases as was said by the court in Johnson v. Swanke, supra, that they are "out of the current."

The law unquestionably is, and we so hold, that in the absence of some special circumstances of a nature to cause irreparable loss to the party, if he is not permitted a remedy in equity, an action

after a loss under an insurance policy, to cancel the policy for fraud, or to restrain a suit at law thereon, cannot be maintained.

We further hold that the complaint in this case shows no special circumstances of a nature to cause plaintiff irreparable loss if it is relegated to its remedy at law. It is true that an inspection of the policy discloses no limitation on the time within which an action may be brought thereon. Such a limitation of the time is mentioned in the Illinois cases, and in Home Life Ins. Co. v. Stanchfield, supra, as being a reason why the remedy at law is speedy and adequate. But, as held in the Wisconsin case quoted, we do not think that thus forcing the company to wait the pleasure of defendant as to either the time when or the court where he will bring his action, furnishes any presumption of irreparable loss. This is necessarily the rule of all the cases which deny the cancelation of past-due notes or other written contracts where the defense can be made in an action at law. In the present case the complaint alleges that plaintiff has denied all liability, and that defendant threatens to sue on the policy. There is no allegation from which any inference can be drawn of any intention to harass or injure plaintiff by delay in instituting suit. The fact that plaintiff may suffer some annoyance, and the allegation that it will suffer in its reputation, do not amount to a showing of irreparable loss. Nor can we consider the bare statement in the complaint that plaintiff will suffer such loss. We are wholly unable to see why, if the allegations of the complaint are true, its remedy at law would not be just as speedy, plain and adequate as the equitable remedy it seeks in this action. If it establishes its defense of fraud, its liability is at an end. Its position is exactly as good as if, at the end of a suit in equity, the policy had been cancelled.

We have no right to assume that a trial by jury will not result in full justice to plaintiff. And it is not to be overlooked that granting equitable relief would deprive defendant of the right to have a jury trial.

The order overruling the demurrer is reversed with directions to sustain the demurrer. The order granting a temporary injunction is reversed, with directions to dissolve the injunction.