MUTUAL LIFE INSURANCE COMPANY OF NEW YORK v. MELISSA STEVENS.[1]

November 30, 1923.

No. 23,687.

**No suit to cancel life insurance policy after death of insured.**
1. An action in equity to cancel an insurance policy will not lie after the death of the insured, for then the insurer has an adequate remedy at law, by way of defense to an action on the policy and because the beneficiary would be unjustly deprived of a jury trial.

**Allegation of irreparable loss absent.**
2. The complaint contains no special statements of fact to cause irreparable loss to the plaintiff if relief in equity be denied.

**Right of parties under incontestability clause fixed by death of insured.**
3. The incontestability clause in the policy ceased to be operative at the death of the insured within the two years period, and the fact fixed the rights of the parties so the insurer may avail itself of the defense of fraud after the expiration of that period.

Action transferred to the district court for Nicollet county to cancel a policy of life insurance. Defendant's demurrer to the complaint on the grounds that the complaint did not state facts sufficient to constitute a cause of action for equitable relief and the plaintiff upon the facts as pleaded was not entitled to the relief demanded in the complaint, was overruled, Olsen, J. From the order overruling the demurrer, defendant appealed. Reversed.

C. J. Laurisch, for appellant.
Ambrose Tighe and Frederick L. Allen, for respondent.

QUINN, J.
This is an action in equity to have canceled a policy of life insurance issued by the plaintiff on the life of the defendant's husband, payable at his death to the defendant. A demurrer was interposed

[1]Reported in 195 N. W. 913.

to the complaint upon the ground that it fails to state facts sufficient to constitute a cause of action for equitable relief. The appeal is from an order overruling the demurrer.

A copy of the application and policy is attached to the complaint. The material allegations of the complaint are as follows: That the plaintiff is a life insurance company authorized to transact business in this state; that the defendant's husband, George W. Stevens, on October 19, 1920, made application to the plaintiff for a policy of insurance on his life, in the sum of $2,000, to be payable to the defendant at his death; that, in the application therefor, he fraudulently stated and represented that he had never had any illness since childhood; that during the past five years he had not consulted nor been treated by a physician; that he was in good health and had not used intoxicating liquors during the past year; that he had always been a total abstainer.

It is further alleged that, in reliance upon such statements, plaintiff issued said policy dated October 22, 1920; that said statements made by such applicant were false and untrue; that, in truth and in fact, the said applicant was, at the time of making such statements, seriously ill and had been treated by physicians during the five years previous to making such statements; that he had not always been a total abstainer; that in August, 1922, the plaintiff discovered for the first time the falsity of such statements; that thereafter the plaintiff repudiated and refused to longer recognize the validity of said policy or its liability thereunder; that, at the time of such discovery, the insured was confined in a hospital for the insane; that plaintiff thereupon notified the defendant that it denied all liability under said policy, tendered to her the premiums which had been paid thereon together with interest, which she refused to accept; that the defendant has not made any proof of said death nor taken any steps to recover upon said policy; and, as plaintiff is informed and believes, that defendant intends to delay making any claim thereon until after two years from the issuance of said policy and that she will then make claim thereon.

The policy contains an incontestability clause which is as follows: "This policy shall be incontestable after two years from its date of

issue except for non-payment of premiums." It will be observed that the policy bears date October 22, 1920. The insured died October 3, 1922. The summons was served on October 19, 1922. The decisive question is whether the complaint states a cause of action for equitable relief. The only ground of demurrer urged is that it conclusively appears from the pleading that plaintiff has a plain, speedy and adequate remedy at law, by way of defense in an action to recover on the policy.

The decisions are in accord that equity has jurisdiction where the suit to cancel an insurance policy is begun before loss. But, as said by the late Justice Bunn, in Kanevsky v. National Council, etc. 132 Minn. 422, 426, 157 N. W. 646, "where the action to cancel the policy is brought after the death of the insured, it cannot be maintained because the remedy at law is adequate." Bankers Reserve Life Co. v. Omberson, 123 Minn. 285, 143 N. W. 735, 48 L. R. A. (N. S.) 265; 1 Pomeroy, Eq. Jur. §§ 220, 221; 1 Dunnell, Minn. Dig. § 3137; note Woelfle v. The Sailors, 12 L. R. A. (N. S.) 881; Ins. Co. v. Bailey, 13 Wall. 616, 20 L. ed. 501; Cable v. U. S. Life Ins. Co. 191 U. S. 288, 24 Sup. Ct. 74, 48 L. ed. 188; Home Ins. Co. v. Stanchfield, 1 Dill. 424; Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. ed. 451; Riggs v. Union Life Ins. Co. 129 Fed. 207, 63 C. C. A. 365.

In cases of this class the courts are influenced because the right to a trial by jury would be denied. Bankers Reserve Life Co. v. Omberson, supra; Shenehon v. Ill. Life Ins. Co. 100 Ill. App. 281, 293. In the case last cited it is said: "The present bill is a plain, undisguised attempt to deprive the defendant of an opportunity to have the alleged facts as to the procuring of the policy by fraud tried by a jury." This reasoning is peculiarly applicable to the instant case because, as appears from the pleading under consideration, the insured died but 19 days before the lapse of the two-year limitation mentioned in the policy. The beneficiary had hardly time to make due proof of death when this action was begun, and the petition sets forth that plaintiff is informed and believes that the beneficiary intends to make claim on the policy, showing there was little or no danger of delay. The case of Johnson v. Swanke, 128

Wis. 68, 107 N. W. 481, 5 L. R. A. (N. S.) 1048, 8 Ann. Cas. 544, is a valuable authority upon the proposition. The case is well considered and many authorities are cited. Its particular value is in the holding that equity jurisdiction has been restricted in this country, in deference to the constitutional right of trial by jury. As was said in the Omberson case, the law unquestionably is, and we so hold that, in the absence of some special circumstances of a nature to cause irreparable loss, an action after a loss under an insurance policy, to cancel the policy for fraud, cannot be maintained.

The insured died within two years from the date of the policy. The insurer alleges that the beneficiary will, as it verily believes, delay taking any steps to recover on the policy until the two-year limitation period has elapsed and thereby preclude it from making the defense of fraud. If such were the case, then the fact might constitute an equity sufficient to vest a court with jurisdiction because the remedy at law would not be plain, adequate and complete. This brings us squarely to the real question in the case. Is it necessary for the insurer to bring an action before the expiration of the two years, in order to avail itself of the defense set up in the complaint? Does the death of the insured interrupt the running of the two-year period so as to preclude the insurer from asserting the defense of fraud, in an action by the beneficiary after the expiration of the fixed period? The better weight of authority, as well as of good reason, seems to be that the death of the insured fixes the right of the parties under the incontestable clause. Jefferson Standard Life Ins. Co. v. Smith, 157 Ark. 477, 248 S. W. 897; Am. Emp. Liab. Ins. Co. v. Fordyce, 62 Ark. 562, 36 S. W. 1051, 54 Am. St. 305; Porter v. Mutual Life Ins. Co. of N. Y. 70 Vt. 504, 41 Atl. 970; Jefferson Standard Life v. McIntyre, 285 Fed. 570.

We are of the opinion and hold that the incontestability clause ceased to be operative at the death of the insured within the two-year period and fixes the rights of the parties and that the insurer may avail itself of the defense of fraud, in an action to recover on the policy when it is brought even after the expiration of the two-year period.

Reversed.