## INDIANAPOLIS LIFE INSURANCE COMPANY v. THEODORE AARON AND ANOTHER.[1]

March 14, 1924.

No. 23,665.

**When suit in equity to cancel life insurance policy will not lie.**

Where the holder of a life insurance policy, issued by a company duly licensed to do such business, dies before the policy by its terms becomes incontestable, as provided by subdivision 3, § 3477, G. S. 1913, there is a plain, speedy and adequate remedy at law to the company, and an action in equity to cancel the policy on the ground of fraud will not be entertained, following Mutual Life Ins. Co. v. Stevens, 157 Minn. 253.

Action in the district court for Hennepin county against the executors of the estate of Harry Aaron, deceased, to cancel a

[1]Reported in 197 N. W. 757.

policy of insurance on the life of decedent. Defendants' demurrer to the amended complaint was overruled, Bardwell, J., who certified the question presented by the demurrer to be important and doubtful. From the order overruling the demurrer, defendants appealed. Reversed.

*Martin Kahner,* for appellants.

*John G. Priebe,* for respondent.

HOLT, J.

In overruling a demurrer to the complaint the court certified the question decided to be important and doubtful. Defendants appeal.

The complaint set out, in substance, that plaintiff is a life insurance company duly licensed to do business in this state; that, on September 15, 1922, upon the written application of Harry Aaron, plaintiff issued a policy insuring his life for the benefit of his estate in the sum of $5,000; and that the application contained representations as to age, health, physical condition, other insurance, and the result of prior applications for insurance in other insurance companies, setting them out in detail. Then follow allegations to the effect that the representations were false and untrue, and were made to defraud plaintiff; and that defendants were parties to the fraud; that plaintiff relied on the representations in issuing the policy and had no knowledge or notice of their falsity until after the death of the assured and the appointment of the executors of his estate; that immediately the premium paid was tendered the executors and a demand made for a return of the policy for cancelation. The prayer is for a decree compelling cancelation of the policy. It is not necessary to set out the allegations in full, except to state that the assured died on January 22, 1923, testate, and defendants were appointed executors on February 26, 1923, so that the attempted rescission was within one year of the issuance of the policy. The allegation that the fraud was practiced with the consent and connivance of defendants does not enter into the question presented for decision, for they are in no better or worse position than the assured. The sufficiency of the complaint, had it been

lodged against the assured in his lifetime, could not have been questioned. However, the demurrer is grounded upon the doctrine that, the loss having occurred under the policy, there is now a plain, speedy and adequate remedy at law under the decisions of Bankers' Reserve Life Co. v. Omberson, 123 Minn. 285, 143 N. W. 735, 48 L. R. A. (N. S.) 265, and Kanevsky v. National Council K. & L. of S. 132 Minn. 422, 157 N. W. 646.

But plaintiff asserts the incontestability clause contained in the policy, conformable to subdivision 3, § 3477, G. S. 1913, presents a situation which compels the insurer, if relief from the assured's fraud is to be had, to have recourse to an equitable action before the time limit fixed in the policy for contesting it expires. The complaint does not allege the policy to contain such a clause, but in the briefs the parties assert that the policy was before the trial court and was considered. From the allegation that plaintiff was duly licensed to issue life insurance in this state and did insure the life of Harry Aaron, we may assume the policy issued contains the clause required by the statute mentioned. In Mutual Life Ins. Co. v. Stevens, 157 Minn. 253, 195 N. W. 913, it was determined that where, as here, the insured dies before the period ends within which the validity of the policy may be challenged, the rights of the parties become fixed both as to cause of action and defenses existing at the time of loss or death, and therefore, so long as a cause of action exists against the insurer to recover for the loss, the defenses also remain. The authorities so expressly holding are: Jefferson Standard Life Ins. Co. v. Smith, 157 Ark. 499, 248 S. W. 897 and Jefferson Standard Life Ins. Co. v. McIntyre (D. C.), 285 Fed. 570

It must be admitted that a different view has been taken by many courts of high standing, holding that, unless the insurer affirmatively seeks relief or is in a position to assert a defense in court within the period named in the policy for contesting its validity, all defenses are barred, save such as may be excepted in the incontestability clause. See Ramsey v. Old Colony Life Ins. Co. 297 Ill. 592, 131 N. E. 108; Ebner v. Ohio State Life Ins. Co. 69 Ind. App. 32, 121 N. E. 315; American Trust Co. v. Ins. Co. 173 N. C. 558, 92 S. E. 706; Wright v. Mut. Benefit Life Assn. 118 N. Y. 237,

23 N. E. 186, 6 L. R. A. 731, 16 Am. St. 749; Jefferson Standard Life Ins. Co. v. Keeton, 292 Fed. 53; Mut. Life Ins. Co. v. Hurni Packing Co. 263 U. S. 167, 44 Sup. Ct. 90, 68 L. ed. 45. Of course, such holdings would lead to the conclusion that the remedy at law was not adequate, because the time limit might expire before the beneficiaries saw fit to commence an action to recover on the policy.

Although it is desirable to be in the line with the great weight of authority the rule adopted in Mutual Life Ins. Co. v. Stevens, supra, commends itself as just and workable. Under it the beneficiary in a policy retains the right to have a jury determine whether or not he procured insurance by fraud or misrepresentation and the insurer is fully protected in all the defenses available at the time of the death of the assured. A majority of the court adhere to the rule of the Stevens case. The demurrer should have been sustained.

Order reversed.