## NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY v. SARAH F. LAURY.[1]

June 1, 1928.

No. 26,730.

**Suit in equity to cancel policy for fraud will not lie where insured died before policy became incontestable.**

> The assured died before his life insurance policy became incontestable under the terms thereof. It is *held*, following Mutual Life Ins. Co. v. Stevens, 157 Minn. 253, and Indianapolis Life Ins. Co. v. Aaron, 158 Minn. 359, that plaintiff had a plain, speedy, and adequate remedy at law as a defense, if sued on the policy, so that a suit in equity did not lie to cancel the policy for fraud practiced by the assured in procuring it.

Cancelation of Instruments, 9 C. J. p. 1172 n. 98.

See note in 31 A. L. R. 108; 4 R. C. L. Supp. 972; 5 R. C. L. Supp. 821.

Action in the district court for St. Louis county to cancel a policy of life insurance. From an order, Freeman, J. sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Archer & Rosemeier* and *Norman L. Baker,* for appellant.

*Jenswold, Jenswold & Dahle,* for respondent.

HOLT, J.

Plaintiff, a life insurance company doing business in this state, issued a policy upon the life of defendant's husband in which she was named beneficiary. It was dated April 24, 1926. The assured died January 7, 1927, or within one year after the policy took effect. This action is to cancel the policy upon the ground that the assured made certain alleged false and fraudulent representations to plaintiff which induced it to enter the contract. The complaint was demurred to upon the ground, among others, "that plaintiff upon the facts pleaded has a plain and adequate remedy at law by way of defense in an action to recover on the policy."

[1]Reported in 219 N. W. 759.

We held in Mutual Life Ins. Co. v. Stevens, 157 Minn. 253, 195 N. W. 913, and Indianapolis Life Ins. Co. v. Aaron, 158 Minn. 359, 197 N. W. 757, 31 A. L. R. 100, that where the holder of a life insurance policy, issued by a company duly licensed to do business in this state, dies before the policy by its terms becomes incontestable, there is a plain, speedy and adequate remedy at law to the company, and an action in equity to cancel the policy for fraud will not be entertained. We adopted that rule notwithstanding courts of high standing held to the contrary. Plaintiff does not urge us to change our views; but, owing to a slightly different wording of the incontestable clause in this policy, it justifies the action as a precautionary measure against a construction of that clause making the rule in the cases cited inapplicable. In the instant case the clause reads: "Except for nonpayment of premium this policy shall be incontestable after one year from its date of issue, if the insured be then living; otherwise after two years from date of issue." Our statute relating to life insurance [G. S. 1923, § 3402(3)] requires policies to contain an agreement that they shall be incontestable after two years from their date, except for nonpayment of the premium. Obviously it was not intended to forbid such companies from stipulating that their policies should become incontestable in less time than two years. We appreciate that some argument may be made in support of the claim that the wording of the incontestability clause in the policy in suit requires a different construction from that in the policies in the cases cited. But, in so far as those cases ruled that the rights of the parties are fixed as of the time of the death of the assured, so that if the policy is not at that moment incontestable under its terms it never becomes incontestable, the ruling in effect determines the instant case. There is no room for construing the language in this policy so as to hold that it was incontestable at the time of the assured's death. Therefore, under the decisions cited, the fraud upon which plaintiff predicates its right to a cancelation of the policy remains as a defense to it so long as it is subject to the action at law which accrued to defendant upon the policy when the assured died. Hence plaintiff has a plain, speedy and adequate remedy at law as the lower court ruled.

The order is affirmed.