CATHERINE KILLIAN, FRANK KILLIAN, VICTORIA KILLIAN, Individually and as Administratrix, etc., of LEONA KILLIAN, and STELLA KILLIAN, Minor, by VICTORIA KILLIAN, Her Guardian ad Litem, Plaintiffs, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Cayuga County, August 28, 1928.

Insurance — life insurance — incontestable clause — clause providing that policy should not be contested after lapse of two years — insured died within two years and claim for insurance was rejected within that time — said rejection amounts to contest — action on policy after expiration of two years — motion by plaintiff for summary judgment, under Rules of Civil Practice, rule 113, denied.

A clause in a life insurance policy which provides in effect that it shall not be contestable by the insurer after the lapse of two years, is construed to mean

that where the insured dies within two years from the day of the issuance of the policy, the rejection of a claim for insurance by the insured within that period constitutes a contest within the meaning of the policy, and therefore, although an action thereon is not commenced until after the.expiration of that period, the insurer may defend on the ground that the policy is void.

A motion by the plaintiff for summary judgment, under rule 113 of the Rules of Civil Practice, is denied.

MOTION for appointment of guardian *ad litem*, severing action and for summary judgment under rule 113 of the Rules of Civil Practice.

*John J. Finn,* for the motion.

*Richard C. S. Drummond* opposed.

RODENBECK, J. The weight of authority seems to favor the proposition that the " incontestable " clause in a policy of insurance means that the insurer shall raise any question about the insurance, within the contestable period, by suit, or answer. There is nothing of that sort, necessarily, involved in the language employed, and that meaning should not be imported into it, contrary to the common-law and equitable rights of the insurer. This construction involves judicial legislation, or contractual creation. The language should be given its ordinary meaning, and not one which conflicts with rights or remedies that would legally arise from certain conduct of the parties. The language does not say what the insurer shall or shall not do within the two years, and it is left to its usual common-law and equitable resources. These rights and remedies should be given their normal application and effect. To say that a policy shall not be contestable after two years does not imply that any rights or remedies existing within the two years shall be thereby lost or even affected. These rights and remedies still continue, and should be given their true legal value. The contract says that the insurer shall not contest the policy after two years, but the prevailing construction says that within the two years it shall be of no avail to refuse to accept further premiums and to return those paid, or to reject a claim filed, but that the company must sue to rescind, if the insured be living, or answer, if suit by the beneficiary is brought. It relieves the insured from the necessity of enforcing the rejected policy, and the beneficiary of suing to collect a rejected claim, within the two years, and wipes out all rights and remedies of the insurer, except to sue or answer within the two years' period. If the insurer refuses to carry out the policy within the two years, for fraud by the insured, the latter may stand idle, until the expiration of two years, and then the insurer will be helpless to defend, and if the insured dies, and the claim is rejected, the

beneficiary may delay suit during the two years' period, and, again, the right of the insurer to contest is gone, or, if the bene- ficiary sues within the two years, and the insurer does not answer within that time, the insurer is out of court. And all this may occur to the insurer, although, within the two years, it has repudi- ated the contract, and offered to refund the premiums, or has rejected a claim filed. It would seem as though the language of the incontestable clause was not intended to interfere with the course of the law, except to say that, after two years, unless there was a question or contest before that time, there shall be no question or contest raised about the policy. That is as the ordinary man would understand the language. He would assume that when the company, within the two years, repudiated the policy, for fraud, it had raised a contest, and, likewise, the beneficiary would so understand, when the claim for insurance is rejected. The rights of the insured and beneficiary were not intended to be enlarged during the two years' period, and should not be, and the rights and remedies of the insurer were not intended to be interfered with, except to cut off any question after the two years' period, unless it was raised before that time expired. The common-law and equitable rights and remedies of the parties remain during the two years' period, just as formerly, to be insisted upon and deter- mined, as formerly, but unless they have been resorted to previously, it is too late after the policy has run two years.

When the insured dies, as in this case, within the two years, and a claim for the insurance is rejected, new rights and remedies arise. The risk of insurance is at an end, and there is nothing to rescind. The contingency upon which payment was predicated has occurred. The right to be protected by the payment of pre- mium was changed, by death, into a right to payment upon presentation of proper proofs of death. There was nothing for the insurer to do, in this case, until a claim was presented, and when this was rejected, a suit to collect the insurance was the normal remedy. The insurer, by rejecting the claim, had fixed its rights, and had contested the policy, in a most effective manner. The right to repudiate the policy and return the premiums, or to sue to rescind it, while effective, during the life of the insured, was superseded by the death of the insured, and new rights and remedies intervened. The company was required to adjust its action to conform to the new situation. When the insurer, as in this case, rejected the claim for the insurance, it did exactly what the law allowed it to do, and it had the right to expect that, whenever suit was brought, it could set up its rejection and endeavor to justify it in the usual course of legal proceedings. The beneficiary

could gain nothing by delaying suit until after the two years' period, as certain rights of the insurer had become fixed, and could not be wiped out except by a strange and strained construction of the incontestable clause. It is not for the courts to say that this contest shall be raised by suit, alone, or, by answer, if the Legislature or the contract have not so specified, but the law should protect the parties in all the rights and remedies existing during the two years' period, shutting the insurer off from any question or contest, after two years, if it has not raised a question or contest, during the two years, in the way that it was, formerly, legally done before the insertion of the clause in question.

There are authorities against the views above expressed (*Humpston* v. *State Mutual Life Assurance Co.*, 148 Tenn. 439; 256 S. W. 438; *Missouri State Life Ins. Co.* v. *Cranford*, 161 Ark. 602; *Ebner, Admr.* v. *Ohio State Life Ins. Co.*, 69 Ind. App. 32; *Lavelle* v. *Met. Life Ins. Co.*, 209 Mo. App. 330; *Reliance Life Ins. Co.* v. *Thayer*, 84 Okla. 238; *Hardy* v. *Phœnix Mut. Life Ins. Co.*, 180 N. C. 180. See 31 A. L. R. 108; 36 *id.* 1245; *Powell* v. *Mutual Life Ins. Co.*, 313 Ill. 161; *Northwestern Mut. Life Ins. Co.* v. *Pickering*, 293 Fed. 496; *Indiana Nat. Life Ins. Co.* v. *McGinnis*, 180 Ind. 9; *N. Y. Life Ins. Co.* v. *Adams*, 145 N. E. [Ind. App.] 499; *Rapala* v. *John Hancock Mut. Life Ins. Co.*, 229 Mich. 463; 201 N. W. 465; *Ramsey* v. *Old Colony Life Ins. Co.*, 297 Ill. 592; *American Trust Co.* v. *Life Ins. Co.*, 173 N. C. 558; *Mutual Life Ins. Co.* v. *Buford*, 61 Okla. 158; *Thistle* v. *Equitable Life Assur. Soc.*, 149 Tenn. 667); but there are authorities, more or less in point, supporting them, which latter seem to contain the better reason. (*Jefferson Standard Life Ins. Co.* v. *Smith*, 157 Ark. 499; *Bankers Reserve Life Co.* v. *Omberson*, 123 Minn. 285; *Mutual Life Ins. Co.* v. *Stevens*, 157 Minn. 253; 195 N. W. 913; *Indianapolis Life Ins. Co.* v. *Aaron*, 158 Minn. 359; 197 N. W. 757; *Feierman* v. *Eureka Life Ins. Co.*, 279 Penn. St. 507; 124 Atl. 171; *Markowitz* v. *Met. Life Ins. Co.*, 122 Misc. 675; *McDonnell* v. *Mutual Life Ins. Co.*, 131 App. Div. 643; *Fink* v. *Fink*, 171 N. Y. 616; *McCormack* v. *Security Mut. Life Ins. Co.*, 220 *id.* 447; *Piasecki* v. *Met. Life Ins. Co.*, 243 *id.* 637; *Eichwedel* v. *Met. Life Ins. Co.*, 270 S. W. [Mo. App.] 415; *Mutual Life Ins. Co.* v. *Rose*, 294 Fed. 122; *Stiegler* v. *Eureka Life Ins. Co.*, 146 Md. 629; 127 Atl. 397.)

The motion for summary judgment and for severance is denied and that for the appointment of a guardian *ad litem* is granted, without costs to any party.