## MUTUAL LIFE INS. CO. OF NEW YORK v. CONLEY et al.

### No. 2287.

District Court, D. Minnesota, Third Division.
Jan. 21, 1932.

Doherty, Rumble, Bunn & Butler, of St. Paul, Minn., for plaintiff.

A. J. Rockne, of Zumbrota, Minn., and George Nordlin, of St. Paul, Minn., for defendants.

SANBORN, District Judge.

This suit is one to cancel a policy of life insurance issued on the life of Alva A. Conley on December 28, 1929, because of alleged fraud. The insured died March 11, 1930. The defendants were his beneficiaries. Their contention is that the plaintiff has an adequate remedy at law.

The policy in question has a clause which provides that the policy "shall be incontestable after one year from its date of issue unless the Insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

The language indicates that, although the insured may die within the two-year period,

nevertheless the insurer may not contest the validity of the policy after two years have expired.

The clause is more restrictive than that required by the Minnesota statutes. See section 3402, Mason's Minnesota Statutes 1927. It is a valid provision. Northwestern Mutual Life Ins. Co. v. Laury, 174 Minn. 498, 219 N. W. 759.

The Minnesota rule is that at death all rights under the policy become fixed, and that, if the insured dies during the period when the policy is contestable, the insurer may set up its defenses, although the suit is actually brought after the period of contestability has expired. Mutual Life Ins. Co. v. Stevens, 157 Minn. 253, 195 N. W. 913; Indianapolis Life Ins. Co. v. Aaron, 158 Minn. 359, 197 N. W. 757, 31 A. L. R. 100; Northwestern Mutual Life Ins. Co. v. Laury, supra.

This is not the rule in the federal courts, however. The decision of the Supreme Court of the United States in Mutual Life Ins. Co. of New York v. Hurni, 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, is to the effect that death of the insured does not stop the running of the period within which an insurer may contest liability, and the courts have generally recognized, since that decision, that the insurer cannot be required to await an action at law on the policy by the beneficiary, but may bring a suit in equity within the period of contestability for the purpose of rescission or cancellation of the policy. New York Life Ins. Co. v. Renault (D. C.) 11 F.(2d) 281; Jefferson Standard Life Ins. Co. v. Keeton (C. C. A.) 292 F. 53; Mutual Life Ins. Co. of New York v. Pearson (C. C.) 114 F. 395; Bank of Kentucky v. Stone (C. C.) 88 F. 383; Peake v. Lincoln National Life Ins. Co. (C. C. A.) 15 F.(2d) 303; Lincoln National Life Ins. Co. v. Hammer (C. C. A.) 41 F.(2d) 12.

While the policy here involved is a Minnesota contract, I am of the opinion that the construction of the clause here involved and the question as to whether all rights under the policy became fixed at the time of death and stopped the running of the period of contestability are questions of general jurisprudence, and that the federal courts are not bound by the decisions of the state courts upon those questions. See Odegard v. General Casualty & Surety Co. (C. C. A.) 44 F. (2d) 31.

The motion to dismiss is denied.