(39 Misc. Rep. 299.)

## DAVIS et al. v. BINGHAM et al.

(Supreme Court, Appellate Term. November, 1902.)

1. SEALED INSTRUMENT.

An instrument with a recital therein that the parties thereto have set their hands and seals to it is not a sealed instrument, when in fact no seal has been attached.

2. CONTRACT—MODIFICATION.

Where a contract provided for the construction of an electric light plant with a three-wire system for a certain price, and thereafter it was agreed to substitute a two-wire system, plaintiffs could recover therefor only the reasonable value of the work done, and not the price provided for by the original contract.

Appeal from city court of New York, general term.

Action by Soloman Davis and others against William H. Bingham and others. From a judgment of the general term affirming a judgment for defendants, plaintiffs appeal. Affirmed.

See 66 N. Y. Supp. 489, 67 N. Y. Supp. 1131.

Argued before FREEDMAN, P. J., and MacLEAN, and BLANCHARD, JJ.

Hugo S. Mark (B. Lewinson and Max J. Kohler, of counsel), for appellants.

William P. Maloney, for respondents.

FREEDMAN, P. J. This action was brought by the plaintiffs, as copartners, to recover a balance of $500 claimed to be due upon a modified contract to construct an electrical lighting plant in a building of the defendants. The defendants, by their answer, denied the modifications of the contract pleaded by the plaintiffs, but admitted that certain modifications were made, which, according to the evidence at the trial, corresponded in the particulars to which they referred with some as claimed by the plaintiffs, and they pleaded nonperformance of the contract, and counterclaimed for money which they alleged they paid the plaintiffs over and above the reasonable value of the work done. The counterclaim was put in issue by a reply.

At the trial and upon this appeal the defendants insisted that the contract was under seal, and therefore not modifiable by parol. But the production of the original contract showed that, although it

recited that the parties had thereunder set their hands and seals, no seal in fact had ever been affixed. A mere recital of a seal is no substitute for one never affixed. 21 Am. & Eng. Enc. Law (1st Ed.) 898. Moreover, even in the case of a sealed instrument, the authorities are to the effect that an executed parol modification is valid and enforceable. McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793. As to the modifications claimed, the plaintiffs rely upon a letter written by them to the defendants confirming a prior conversation, and specifying the particulars as to which the specifications of the original contract would be departed from; and then they claim that the defendants silently acquiesced, and that they (the plaintiffs) performed the contract as thus modified without protest by the defendants. Broadly stated, it may be said that the modifications thus proposed and acquiesced in consisted in the substitution of a two-wire for a three-wire system in the construction of the electrical lighting plant. But the plaintiffs wholly failed to show, and even now do not claim, that it was also agreed that the price should remain as fixed by the original contract. That being so, and the change in the work being a substantial one, the plaintiffs, under the circumstances disclosed, could recover only the reasonable value of the work actually done, and such reasonable value was to be determined in the light of the price fixed by the original contract for the work to be done under it. The consequence is that in the aspect of the case most favorable to the plaintiffs, namely, that the contract was modified as claimed by them, that they performed it as modified, and that the defendants acquiesced in such performance, the only substantial question to be determined by the jury was the difference between the value of the two-wire and the value of the three-wire system. Upon that point the testimony took a wide range. One of the plaintiffs testified that, by the substitution of the two-wire system for the three-wire system, the defendants were benefited to the amount of $4.72. An expert called by the plaintiffs said that the defendants were injured to the amount of $30, and an expert called by the defendants testified that they were injured to the amount of $1,000. The question was fully and fairly submitted to the jury, and they found a difference of $500 in favor of the defendants, which wiped out the claim of the plaintiffs for the balance sued for. Upon the whole case, it appears that substantial justice has been done, and that none of the exceptions urged by the plaintiffs upon this appeal are tenable. The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.