BERTHA MARKOWITZ, Plaintiff, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, March, 1924.

Insurance — life insurance — action by beneficiary to recover on policy — policy incontestable after two years except for non-payment of premiums — beneficiary delayed action until expiration of two-year term though insured died within period — insurer may not be deprived of meritorious defense by delay of beneficiary.

A clause in a life insurance policy that, except for non-payment of premiums, it " shall be incontestable after two years from the date of its issue " is not conclusive against the insurer in an action by the beneficiary to recover on the policy commenced after the expiration of the two-year period, where the insured died within said period. The beneficiary by delaying until beyond the two-year period should not be allowed to deprive the insurer of a meritorious defense.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of plaintiff, after trial by the court without a jury.

*Edward M. Grout* and *Paul Grout,* for appellant.

*William M. Silverman,* for respondent.

PROSKAUER, J. Defendant issued a policy insuring the life of Benni Markowitz for the benefit of his wife, the plaintiff. False

warranties and representations sufficient to defeat the policy are alleged to have been made by the insured. The policy provided that except for non-payment of premiums, it " shall be incon- testable after two years from the date of its issue." The insured died before, and suit was brought after, the expiration of the two years. There has been judgment for plaintiff on the ground that the incontestability clause is conclusive against defendant after two years even though the insured had previously died.

This question seems never to have been squarely decided by the New York courts. The great weight of authority is against the plaintiff's contention. *Mutual Life Ins. Co.* v. *Stevens*, 195 N. W. Repr. 913; *Jefferson Standard Life Ins. Co.* v. *Smith*, 157 Ark. 499; *Jefferson Standard Life Ins. Co.* v. *McIntyre*, 285 Fed. Rep. 570. The reasoning of these cases is supported by the dissenting opinions in the Appellate Division in *McCormack* v. *Security Life Ins. Co.*, 161 App. Div. 33; revd., 220 N. Y. 447. The only cited authority sustaining plaintiff is *Monahan* v. *Metropolitan Life Ins. Co.*, 283 Ill. 136.

The rights of the parties under the policy are fixed by the death of the insured. The insurer cannot ordinarily after death of the insured sue in equity to rescind for fraud because fraud may be asserted as a defense in the action on the policy. *Globe Ins. Co.* v. *Reals*, 79 N. Y. 202, 205; *Cable* v. *U. S. Life Ins. Co.*, 191 U. S. 288; *Biermann* v. *Guaranty Mutual Life Ins. Co.*, 142 Ia. 341; 2 Black Resc. 1493. The beneficiary by delaying suit beyond the two-year period should not be allowed to deprive the insurer of a meritorious defense.

The incontestability clause is intended to make certain to the insured that, after the insured has paid his third premium, his beneficiary will be cared for and to impose on the insurer the correlative obligation, after receipt of three premiums, to pay the beneficiary at all events. Where the insured has died before making these payments, the insurer should not be compelled to respect an engagement procured from it by fraud.

On a retrial the court should determine whether in fact material fraudulent misrepresentations or breaches of warranty existed.

Judgment reversed and new trial ordered, with thirty dollars costs to the appellant to abide the event.

GUY and BURR, JJ., concur.

Judgment reversed.