The Travelers Insurance Company, Plaintiff, *v.* Edna Snydecker, Defendant.

Supreme Court, New York County, March 15, 1926.

**Insurance — life insurance — action in equity to rescind policy on ground of fraud — policy contained statutory incontestability clause — insurance company entitled to sue in equity where right to contest validity of policy may be lost if defendant delays suing at law on policy — fact that assured is dead does not deprive plaintiff of right to litigate in equity.**

Plaintiff, an insurance company suing after the death of the assured, to set aside a policy of life insurance, containing the statutory incontestability clause, on the ground of fraud, is entitled to relief in equity for the reason that if plaintiff is not permitted to sue in equity, the defendant may delay suing at law on the policy until after the incontestable period has expired, and thus defeat plaintiff's right to rescind. The mere fact that the assured died before plaintiff began its action does not deprive plaintiff of its right to litigate in equity.

Motion by defendant to dismiss for failure to state a cause of action, the complaint seeking to set aside, on the ground of fraud, an insurance policy after the death of the assured.

*William J. Moran,* for the plaintiff.

*Marx, Harris & Kahn* [*Laurence S. Kahn* of counsel], for the defendant.

PROSKAUER, J.   The only ground of invalidity asserted is failure to show basis for equitable relief.   Ordinarily such an action for rescission will not lie because the legal remedy by way of defense is adequate.   (*Globe Mutual Life Ins. Co. v. Reals,* 79 N. Y. 202; *Cable* v. *U. S. Life Ins. Co.,* 191 U. S. 288; *Charlton* v. *Metropolitan Life Ins. Co.,* 202 App. Div. 757, 814; affd., 234 N. Y. 639.)   An exceptional circumstance must be shown.

The policy here in suit contains the statutory incontestability clause.   The position of the plaintiff is that unless it begins a suit to contest the policy within the time limited therein, it will lose its right to contest the validity of the policy.   The contest contemplated by the incontestability clause is a suit.   (37 C. J. 540, and cases there cited under notes 56 and 57.)   The insurance company is, therefore, compelled to sue within the statutory period. This situation is not changed by the circumstance that the assured has died.

I have not overlooked the opinion in *Markowitz* v. *Metropolitan Life Ins. Co.* (122 Misc. 675).   That opinion was written before the decision of the United States Supreme Court in *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (263 U. S. 167), which holds squarely that the incontestability clause continues in effect after the death of the assured for the benefit of the beneficiary.   The special circumstance which gives the ground of equitable relief here is, therefore, that unless the plaintiff moves in equity the defendant may delay suing at law on the policy until after the incontestability period has expired and thus defeat the plaintiff's right to seek rescission.

As stated by Mr. Justice McAVOY in *Travelers Ins. Co.* v. *Gottlieb* (N. Y. L. J. Dec. 29, 1920): " The clause of the policy * * * making the contract of insurance incontestable after one year from its date of issue is all-inclusive and it is quite within the law to exclude proof of fraud or misrepresentation amounting to a breach of warranty of the policy, unless the contest thereon is made within the year of limitation.   Therefore, the remedy at law is not adequate."

Motion denied.   Order signed.