JOSEPH PIASECKI, as Administrator of the Estate of
SOPHIA PIASECKI, Respondent, *v.* METROPOLITAN LIFE
INSURANCE COMPANY, Appellant.

*Insurance — contract — fraud — provision in policy for incontestability
after two years applicable though insured dies before expiration of
period — questions whether policy had been contested within term
and as to fraud properly left to jury.*

Piasecki v. Met. Life Ins. Co., 214 App. Div. 852, affirmed.

(Argued October 14, 1926; decided November 16, 1926.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the fourth judicial
department, entered November 13, 1925, unanimously
affirming a judgment in favor of plaintiff entered upon a
verdict. The action was to recover upon two policies of
life insurance issued December 5, 1921, upon the life of
intestate. She died December 26, 1921. Proof of death
was filed in August, 1923, and this action commenced
March 18, 1924. The policies provided that no obliga-
tion was assumed by the company unless on the date the
policies were issued the insured was in sound health, and
also that they were void if the insured upon the date of
the issuance thereof had been attended by a physician
for any serious disease or complaint. It was shown that
intestate was not in sound health when the policies were
issued and that prior thereto she had been attended by
a physician for serious diseases. The policy also pro-
vided: " This policy shall be incontestable after two years
from the date of its issue, except for non-payment of
premiums, fraud or misstatements of age." The trial
court, following the case of *Mutual Life Ins. Co.* v. *Hurni
Packing Co.* (263 U. S. 167), held that this latter pro-
vision meant that the policy should be incontestable on
the simple condition that two years shall have elapsed
from the specified date and not that it should be incon-
testable only if insured should have lived until two years
after the risk attached and left to the jury whether
defendant had contested the policies within the two-
year period and whether there was fraud in obtaining the
insurance.

*Eugene Van Voorhis* for appellant.
*Samuel Levy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH D. SUGARMAN, Appellant.

*Crimes — stockbrokers — hypothecation of customer's securities — judgment of conviction affirmed.*

*People* v. *Sugarman,* 216 App. Div. 209, affirmed.

(Argued October 15, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1925, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant, a stockbroker, of the crime of hypothecation of a customer's securities in violation of section 956 of the Penal Law.

*Philip C. Samuels* and *Max Lazarus* for appellant.

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *Charles Henry* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: LEHMAN, J.

---

JAMES PILKINGTON CO., INC., Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Contract — New York city — action to recover for extra work and materials required in performance of contract for public work.*

*Pilkington Co., Inc.,* v. *City of New York,* 216 App. Div. 756, affirmed.

(Argued October 15, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,