ERNEST D. PARTON, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Dutchess County, May 7, 1927.

Insurance — life insurance — action by beneficiary to set aside release — evidence establishes fraud on insurer's part in procuring release — release set aside — plaintiff directed to repay amount given on execution of release.

In this action by a beneficiary of a life insurance policy to set aside a release given to the insurance company, the evidence establishes that the release was obtained by fraud and, therefore, it should be set aside; plaintiff is required to restore the amount of money he received upon the execution of the release.

ACTION on a life insurance policy in which the plaintiff seeks to set aside a release.

*John J. Finn,* for the plaintiff.

*Guernsey & Guernsey* [*John E.' Mack* of counsel], for the defendant.

MORSCHAUSER, J.   By the allegations of the pleadings, the issues to be litigated are, *first,* the circumstances under which the release was obtained, and *second,* the fraud or breach of warranty by the insured in connection with his application for the policy in question.

The policy was dated and issued April 22, 1922.  The insured died on February 12, 1923.  The release was signed March 25, 1924.  The action was commenced in November, 1926.  The plaintiff seeks to have the release set aside.

The incontestability clause in the policy survived the death of the insured.  It continued in effect, after the death of the insured, for the benefit of the beneficiary.  (*Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 263 U. S. 167; *Piasecki* v. *Metropolitan Life Ins. Co.,* 214 App. Div. 852; affd., 243 N. Y. 637; *Dee* v. *Metropolitan Life Ins. Co.,* 219 App. Div. 790.)  In the *Dee Case* (*supra*) the court said:  " The incontestability clause survived the death of the assured.   *   *   *   Compliance by defendant with the Insurance Law would have avoided the question.  There was no proof of a contest."  Section 101 of the Insurance Law (as amd. by Laws of 1922, chap. 275), in effect March 27, 1922, when the policy herein was issued on April 22, 1922, reads as follows:  " 2. A provision that the policy shall be incontestable after it has been in force during the life time of the insured for a period of two years from its date of issue except for non-payment of premiums   *   *   *."  The policy herein contains the following:  " The policy herein (and the application therefor) constitute the entire contract between the parties and except for non-payment of premiums, shall be incontestable after two years from the date of its issue."

The defendant did not bring action upon the policy within two years from the date of the issuance and delivery of the policy.  By securing the release there was no contest.  (*Travelers Ins. Co.* v. *Snydecker,* 127 Misc. 66; *Northwestern Mutual Life Ins. Co.* v. *Pickering,* 293 Fed. 496; *Holleran* v. *Prudential Ins. Co.,* 172 App. Div. 634, 640.)

The defendant by its own acts and conduct allowed the period of two years to elapse and did not commence action on the policy.  It could have commenced an action, but chose rather to plan for a release, and it succeeded in obtaining it.

In obtaining the release by defendant's agents and employees

and others and accepting the results of the efforts made for its benefit it adopted the methods employed to achieve the results.

Said the learned Judge CRANE in *Bloomquist* v. *Farson* (222 N. Y. 375, 381): "Having accepted the results of his efforts, they are deemed to have adopted the methods employed to achieve the results." (Citing *Taylor* v. *Commercial Bank*, 174 N. Y. 181.) (See, also, *Bedell* v. *Bedell*, 37 Hun, 419.)

The proof herein warrants the setting aside of the release herein. It is clear that the defendant schemed for a release and obtained it. (*Whelan* v. *Whelan*, 3 Cow. 537; *Berry* v. *American Central Ins. Co.*, 132 N. Y. 49; *Hudson* v. *Glens Falls Ins. Co.*, 218 id. 133, 138.) The *Berry* case has been frequently cited with approval since it was decided many years ago.

Except as to the amount paid for return premiums, the circumstances herein make it impossible to restore, and, therefore, it is unnecessary (9 C. J. 1209, § 95), and especially is this so when restoration is rendered impossible by the wrongful acts and conduct of the defendant. (*Masson* v. *Bovet*, 1 Den. 69, 74. See Mr. Justice TOMPKINS' opinion in *Ring* v. *Ring*, 55 Misc. 420; affd., 127 App. Div. 411; 199 N. Y. 574; *Hammond* v. *Pennock*, 61 id. 145, 155.)

The plaintiff is only required to restore whatever he has received and can restore, and that is the twenty-nine dollars and ten cents.

Equity will administer such relief as the exigencies of the case demand at the close of the trial. (*Lightfoot* v. *Davis*, 198 N. Y. 261, 273.)

I find for the plaintiff, with costs.

Findings may be presented.