THOMAS SEXTON, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Supreme Court, Westchester County, September 8, 1927.

Insurance — life insurance — defenses of false representations and breach of warranty — policies incontestable after one year from date — insured died within one year but action was not brought until after that time — defendant did not repudiate policies within one year — defenses cannot be pleaded — release on receipt of less than face of policy no defense — accord and satisfaction not established — summary judgment granted.

This is an action to recover on life insurance policies. The defenses of false representations and breach of warranty cannot be pleaded since it appears that the policies contained an incontestability clause providing that they would be incontestable after one year from the date of issuance and that while the insured died within the first year the action thereon was not commenced within one year from the date of issuance and the defendant did not repudiate the policies on the grounds stated within that time.

A release and receipt for $900 in settlement of the policies, which were issued for $5,000, are not a bar to this action for, in view of the fact that there was no defense to the action, the release, which was not under seal, was without consideration and is, therefore, void and the acceptance of the money did not constitute an accord and satisfaction since the plaintiff's claim was a liquidated one and the amount thereof certain.

Under the circumstances, plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice should be granted.

MOTION pursuant to rule 113 of the Rules of Civil Practice for an order striking out the answer of the defendant herein and for judgment on the pleadings, on the ground that there is no defense to the action.

*John J. Finn,* for the plaintiff.

*Alexander & Green* [*James D. Ewing* of counsel], for the defendant.

SEEGER, J. The complaint alleges a cause of action upon two life insurance policies on the life of the plaintiff's wife, one for $2,000 and one for $3,000.

The making and delivery of the policies, the payment of premiums and the receipt and retention of the proofs of death are not denied.

The defendant, however, attempts to set up the defense that the issue and delivery of the policies was procured by false and fraudulent representations as to the condition of the health of the insured, and breach of warranty.

This defense would entitle the defendant to a trial of the issues thus raised in the answer if it was not for the fact that the policies contain a clause to the effect that the policies should become incontestable one year after the dates thereof, except for non-payment of premiums or mis-statement of age, which defenses are not claimed.

The policies were dated January 5, 1922, and March 13, 1922, respectively. The insured died December 6, 1922. No attack upon the policies was made by the defendant within the year after their issue.

The death of the insured within the year had no effect upon the incontestability clauses in the policies. (*Mutual Life Ins. Co.* v. *Hurni Packing Co.,* 263 U. S. 167; *Travelers Ins. Co.* v. *Snydecker,* 127 Misc. 66; *Piasecki* v. *Metropolitan Life Ins. Co.,* 214 App. Div. 852; affd., 243 N. Y. 637; *Dee* v. *Metropolitan Life Ins. Co.,* 219 App. Div. 790; *Parton* v. *Metropolitan Life Ins. Co.,* 129 Misc. 493; *Chinery* v. *Metropolitan Life Ins. Co.,* 112 id. 107.)

It seems clear that the defenses of false representations and breach of warranty cannot now be set up after the expiration of a year from the date of the policies.

The defendant also sets up as a defense that prior to the commencement of the action the plaintiff, for a valuable consideration,

by an instrument in writing, released the defendant from the claims set up in the complaint and the papers show that the plaintiff did in fact accept $900 from the defendant and executed a release in writing and the receipt and acceptance of said sum is also set up as an accord and satisfaction of the plaintiff's cause of action.

The papers show that the release was dated April 14, 1924, and the check for the $900 bears date the same day. Some time before this transaction the defendant in a letter dated January 24, 1923, stated to the plaintiff that in view of the representations made by the insured in connection with the issuance of the policies, the defendant considered that the policies were not in force, and offered to return the premiums paid, and the defendant further claimed that it was under no liability whatever under the policies other than its offer aforesaid, and the payment of the $900 was accepted and the release executed and delivered by the plaintiff relying upon the defendant's allegations of non-liability.

At the time of the receipt of this $900 and the execution of the release the defendant was indebted to the plaintiff in the sum of $5,000 and some accrued interest. The release was, therefore, not supported by a sufficient consideration. Neither was it under seal. It was, therefore, void as a release of the claim. (34 Cyc. 1048, and cases cited; *Empire Trust Co.* v. *Heinze,* 242 N. Y. 475; *Davis* v. *Bingham,* 39 Misc. 299; *Matter of Pirie,* 198 N. Y. 209.)

Neither does the acceptance of the $900 constitute an accord and satisfaction, for the reason that the plaintiff's claim was a liquidated one, and certain, and the amount was fixed and determined by the terms of the policy, so that the receipt of a less sum is not a satisfaction thereof. (*Nassoiy* v. *Tomlinson,* 148 N. Y. 326; *Allison* v. *Abendroth,* 108 id. 470; *Schnell* v. *Perlmon,* 238 id. 362; *Laroe* v. *Sugar Loaf Dairy Co.,* 180 id. 367.)

It is true that if there was an honest dispute as to the amount due or as to whether there was anything due at the time of the acceptance of the $900 by the plaintiff, the receipt of the $900 and the execution of the release would be an accord and satisfaction. The defendant claims this to be the case and cites the case of *Markowitz* v. *Metropolitan Life Insurance Co.* (122 Misc. 675) and the dissenting opinion in *McCormack* v. *Security Mutual Life Insurance Co.* (161 App. Div. 33) as authority for the proposition that the death of the insured before the policy became incontestable by its terms put an end to the running of the period during which it might be contested and that the insurer might resist a suit to recover upon the policy at any time thereafter.

The fact is, however, that the United States Supreme Court had decided to the contrary in the *Hurni Packing Co. Case* (263

U. S. 167). The defendant must have known of that case and had in fact relied upon it as an authority and could not have relied upon the *Markowitz* case on April 14, 1924, the date of the transaction in this case, as at that time the *Markowitz* case had not yet been published in New York although it was handed down in March, 1924.

The *Hurni* case was decided in November, 1923, and it is inconceivable that the defendant, an insurance company, could not have been aware of it at the time of the transactions here involved.

Under the circumstances the defense of accord and satisfaction is not made out and there is no defense to the action on the policies. (*Parton* v. *Metropolitan Life Ins. Co.*, 129 Misc. 493; *Berry* v. *American Central Ins. Co.*, 132 N. Y. 49; *Hudson* v. *Glens Falls Ins. Co.*, 218 id. 133.)

Plaintiff's motion should be granted, the answer stricken out and judgment granted for the amount of the policies and interest from the date the same are payable, less the $900 paid, with costs. So ordered.

Defendant's motion to change venue denied, with costs, because of foregoing decision.