IDA WOLPIN, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

First Department, March 30, 1928.

Insurance — life insurance — policy issued April 1, 1926, was incontestable after one year from its date except for non-payment of premiums — insured died December 8, 1926 — action commenced March 16, 1927, and answer served April 12, 1927 — defendant cannot contest validity of policy — contest not created until answer is served.

This is an action to recover on a life insurance policy which contained an incontestability clause providing that the policy is incontestable after one year from date except for non-payment of premiums. The policy was issued on April 1, 1926, and insured died December 8, 1926. This action was commenced March 16, 1927, by service of a summons and complaint on the Superintendent of Insurance as the statutory agent of the defendant. The defendant's answer, however, was not served until April 12, 1927, more than one year after the date of the policy.

Under the circumstances the defendant cannot contest the validity of the policy for it raised no objection to the validity of the policy until the answer itself was served; the service of the summons and complaint did not raise an issue. Some affirmative action to contest the policy should have been taken by the defendant before the expiration of one year from the date of the issuance of the policy.

The death of the insured during the one-year period did not suspend the operation of the incontestability clause but the time continued to run and a contest raised after the expiration of the year is not timely.

APPEAL by the defendant from a summary judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 8th day of June, 1927, and also from an order entered on the 7th day of June, 1927.

*Solon Weit* of counsel [*Bailey & Weit*, attorneys], for the appellant.

*William Gilbert* of counsel [*Medina, Sherpick & McKee*, attorneys], for the respondent.

MARTIN, J. The defendant issued a policy of insurance upon the life of Samuel Wolpin, containing the following provision: " This policy shall be incontestable after one year from its date, except for non-payment of premium   *   *   *."

It was issued April 1, 1926. On December 8, 1926, Samuel Wolpin, the insured, died. Due proof of death was furnished to the defendant. The company having failed to pay, the decedent's widow, the beneficiary, instituted this proceeding to recover the insurance.

On March 16, 1927, the summons and complaint were served on the Superintendent of Insurance as the statutory agent of the defendant. The defendant's answer, setting up the single defense of fraud and misrepresentation in the procurement of the policy, was served April 12, 1927, pursuant to stipulated extension of time, at a time when the policy, by its terms, was incontestable on such grounds. This was the first attempt on the part of the defendant to contest the policy by litigation.

The Special Term granted summary judgment, holding that the attempt to contest liability was too late. The appellant contends that its answer though served after the expiration of the period in which the policy might be contested was nevertheless timely to institute such contest for the following reasons:

1. That the answer was served within the twenty days provided by the Civil Practice Act (§ 263), or within the proper extension of that time granted by stipulation or consent between the parties, the action having been commenced within the year; and that the answer must be deemed to have created a contest as of the time the beneficiary's complaint was served.

2. That insured's death during the one-year period suspended the operation of the incontestability clause and renders a contest by the insurer timely no matter when instituted.

As to the first point, it is hardly necessary to point out that there was no issue joined and no contest until the answer was served. Nor is there any reason for holding that the period stops running when the beneficiary brings suit. The plaintiff, respondent, well says that the beneficiary's action is one to enforce a contract not to contest it.

The decisions are almost uniform in holding that the death of the insured within the incontestability period does not have the effect asserted for the company.

In *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (263 U. S. 167) it was said: " A provision of a life insurance policy that it shall be incontestable after a specified period from its date of issue inures to the beneficiary of the policy, and applies where the period elapses after the death of the insured."

This has been followed in *Piasecki* v. *Met. Life Ins. Co.* (214 App. Div. 852; affd., 243 N. Y. 637); *Sexton* v. *Equitable Life Assurance Soc.* (130 Misc. 362); *Parton* v. *Met. Life Ins. Co.* (129 id. 493); *Travelers Ins. Co.* v. *Snydecker* (127 id. 66); *Dee* v. *Met.*

*Life Ins. Co.* (219 App. Div. 790) and in numerous cases throughout the country.

The case of *McKenna* v. *Met. Life Ins. Co.* (220 App. Div. 53) is cited as an authority to the contrary. It is readily distinguished, the policy provision there under consideration being very different from the corresponding clause in this policy. In the *McKenna* case the difference in the clauses was pointed out.

The insurance company must assert its rights within the period allowed by the contract of insurance.

In *Humpston* v. *State Mutual Life Assurance Co. of Worcester, Mass.* (148 Tenn. 439; 256 S. W. 438) it was held that the running of the period of a year limited by a life policy for contest thereof is not suspended by the beneficiary bringing an action on the policy within the year, and that although the incontestability clause in insurance policies has been referred to " as a short Statute of Limitations," it is not such. It is a contractual limitation and is not governed by principles applying to Statutes of Limitation.

In the opinion we find the following: " The incontestable clause in the policies sued on was written into them by the defendant itself. It was contractual, and the effect of it was to prevent the insurer from interposing as a defense the falsity of the representations of the insured, which might be fraudulent. In other words, defendant said to the insured: ' I will take one year in which to ascertain whether your representations are false, and whether you have been guilty of any fraud in obtaining the contract, and, if within that period, I do not ascertain or discover such falsity and fraud, I agree to make no further inquiry into these matters, and make no defense on account of them.' * * * The clause in question being merely contractual, and containing no provision for its suspension in the event suit should be brought by the insured within the limitation, we cannot read such a provision into it. Defendant was therefore precluded from contesting the policies at the time it filed its pleas." (See, also, *Riddlesbarger* v. *Hartford Ins. Co.*, 74 U. S. [7 Wall.] 386; *Wilkinson* v. *First Nat. Fire Ins. Co.*, 72 N. Y. 499; *Arthur* v. *Homestead Fire Ins. Co.*, 78 id. 462; Joyce Ins. § 3205; 2 Beach Ins. §§ 1258–1265; Ostrander Ins. §§ 410, 411.)

In *Mutual Life Ins. Co. of N. Y.* v. *Buford* (61 Okla. 158; 160 Pac. 928) the court said: " Where the petition states, and the evidence shows, a good cause of action upon a policy of life insurance, containing a condition of nonforfeiture after two years from the date of issue of the policy, and the only defense pleaded is a breach of the warranties contained in the application for the insurance, pleaded more than two years after the policy became incontestable,

such breach constitutes no defense, and the court should direct a verdict for the plaintiff." (See, also, *Indiana National Life Ins. Co.* v. *McGinnis*, 180 Ind. 9.)

In *Reliance Life Ins. Co.* v. *Thayer* (84 Okla. 238; 203 Pac. 190) the court said: " The defense of false answers and fraud was not pleaded within one year from the date of the policy.   *   *   * Under these facts the insurance company did not establish any defense, and it would not have been error for the court to give a peremptory instruction to the jury to return a verdict in favor of the beneficiary under such policy."

In *Missouri State Life Ins. Co.* v. *Cranford* (161 Ark. 602; 257 S. W. 66) the court, as stated in syllabus of latter report, held: " Where life insurance policies dated May 29, 1918, were incontestable after one year except for violation of provisions relating to military service, and insurer in beneficiary's suit thereon, instituted May 27, 1919, filed no answer until June 26, 1919, action of beneficiary did not relieve insurer of its duty to act, and insurer was barred of relief on alleged ground of fraud of insured in procuring it."

The mere fact that the action was started by the attorney before the period of contestability had expired can in no way affect the rights of the plaintiff.  The beneficiary under this policy may take advantage of the contract provisions thereof which provide in effect that unless some affirmative action to contest the policy is taken by the insurance company before the expiration of the contestability period, the insurance company may not thereafter contest the policy.

The judgment and order appealed from should, therefore, be affirmed, with costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Judgment and order affirmed, with costs.