CATHERINE KILLIAN et al., Respondents, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(Argued April 22, 1929; decided May 28, 1929.)

*Richard C. S. Drummond* and *Martin T. Nachtmann* for appellant. The acts which the defendant did in the premises were sufficient to constitute a " contest " as matter of law. (*Mutual Life Ins. Co.* v. *Hurni Packing Co.*, 280 Fed. Rep. 18; 263 U. S. 167; *McCormack* v. *Security Mut. Life Ins. Co.*, 220 N. Y. 447; *Piasecki* v. *Met. Life Ins. Co.*, 214 App. Div. 852; 243 N. Y. 637.) There is no sound basis for a rule that a contest can be made only by suit to cancel, or by defense interposed, during the contestable period. (*Globe Mutual Life Ins. Co.* v. *Reals*, 79 N. Y. 202.)

*John J. Finn* for respondents. The incontestability clause survived the death of the insured herein on October 20, 1924, and continued thereafter in effect for the benefit of the beneficiaries. (*Mutual Life Ins. Co.* v. *Hurni*

*Packing Co.*, 263 U. S. 167; *Piasecki* v. *Metropolitan Life Ins. Co.*, 214 App. Div. 852; 243 N. Y. 637; *Krauza* v. *Golden Seal Society*, 221 App. Div. 380; 247 N. Y. 536; *Dee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 790; *Parton* v. *Metropolitan Life Ins. Co.*, 129 Misc. Rep. 493; 224 App. Div. 672; *Sexton* v. *Equitable Life Assur. Society*, 130 Misc. Rep. 362; 223 App. Div. 738; *Wolpin* v. *Prudential Ins. Co.*, 223 App. Div. 339; *Travelers Ins. Co.* v. *Snydecker*, 127 Misc. Rep. 66; *Lunger* v. *N. Y. Life Ins. Co.*, 131 Misc. Rep. 42.) The contest contemplated by the incontestability clause of a life insurance policy is a law suit. (*Walpin* v. *Prudential Ins. Co.*, 223 App. Div. 339; *Travelers Ins. Co.* v. *Gottlieb*, N. Y. L. J. Dec. 29, 1920; *Travelers Ins. Co.* v. *Snydecker*, 127 Misc. Rep. 66; *Dee* v. *Metropolitan Life Ins. Co.*, 219 App. Div. 790; *Parton* v. *Metropolitan Life Ins. Co.*, 129 Misc. Rep. 493; 224 App. Div. 672; *Telford* v. *Metropolitan Life Ins. Co.*, 223 App. Div. 175; *Wright* v. *Mutual Benefit Life Assn.*, 43 Hun, 61; 118 N. Y. 237; *Krauza* v. *Golden Seal Society*, 221 App. Div. 380.)

CARDOZO, Ch. J. The defendant issued to George Killian its policy of insurance upon his life, dated November 28, 1923, payable to Victoria Killian, his wife, the insured being at liberty to change the beneficiaries. He did change them thereafter by indorsement on the policy. The insurance thus became payable to his wife and his four children, or the survivors, in equal shares. One of the clauses of the policy was the following: " Incontestability — This policy (and the application therefor) constitutes the entire contract between the parties and, except for non-payment of premiums, shall be incontestable after two years from the date of its issue," *i. e.*, after November 28, 1925.

The insured died October 20, 1924, survived by his wife and his four children. Proof of claim was filed by the wife. Promptly, in November, 1924, the defendant

gave notice that it denied liability on the ground of breach of warranty and fraud. Thereafter in March, 1925, the defendant received from the wife a general release and paid her in return $107, the premiums collected during the life of the insured. No money was paid to the children, who were minors, ranging in age from ten to eighteen years. No release or other document was signed by the children or by any one in their behalf. The accord and satisfaction, even if binding on the wife, was ineffective as to them (*Foley* v. *Mut. Life Ins. Co.*, 138 N. Y. 333).

This action was begun on February 23, 1928. The plaintiffs were the wife, the three children then surviving, and the administratrix of a child who had died in 1926. Judgment was demanded for the amount of the policy with interest. The defendant answered with defenses of fraud, breach of warranty, and accord and satisfaction. Thereupon the surviving children and the administratrix of the deceased child moved to sever their cause of action from the cause of action, if any, belonging to the wife, and for judgment in their favor to the extent of their proportion of the policy. The motion was denied at the Special Term, but granted at the Appellate Division, which rendered judgment accordingly. An appeal followed to this court.

The rule is now settled that under a policy in this form a contest by the insurer is too late if begun after two years from the date of issue, though within the time allowed for contest the insured has died (*Piasecki* v. *Met. Life Ins. Co.*, 243 N. Y. 637; *Mut. Life Ins. Co. of N. Y.* v. *Hurni Packing Co.*, 263 U. S. 167). In reaching that conclusion, there has been adherence to the rule that " in case of ambiguity that construction of the policy will be adopted which is most favorable to the insured " (*Mut. Life Ins. Co. of N. Y.* v. *Hurni Packing Co., supra*). The question is still open how a " contest " may begin. For the defendant, the contention is that a

definitive notice of rejection without more will make out a contest within the meaning of the policy. Support for that view will be found in some decisions ( *N. Y. Life Ins. Co.* v. *Feight,* 29 Fed. Rep. [2d] 318; *Great Southern Life Ins. Co.* v. *Russ,* 14 Fed. Rep. [2d] 27; *Feierman* v. *Eureka Life Ins. Co.,* 279 Penn. St. 507). For the plaintiffs, the contention is that notice of rejection is unavailing unless followed within the prescribed time by contest in a court. This view is upheld by most of the decisions in which the point has been considered ( *Northwestern Mut. Life Ins. Co.* v. *Pickering,* 293 Fed. Rep. 496; cert. denied,. 263 U. S. 720; *Rose* v. *Mut. Life Ins. Co. of N. Y.,* 19 Fed. Rep. [2d] 280; *Powell* v. *Mut. Life Ins. Co. of N. Y.,* 313 Ill. 161; *Thistle* v. *Eq. Life Assur. Soc.,* 149 Tenn. 667, 670; *Am. Trust Co.* v. *Life Ins. Co. of Va.,* 173 N. C. 558, 568; *Wolpin* v. *Prudential Ins. Co. of America,* 223 App. Div. 339; *Travelers Ins. Co.* v. *Snydecker,* 127 Misc. Rep. 66; *Dee* v. *Metropolitan Life Ins. Co.,* 219 App. Div. 790; *Telford* v. *Metropolitan Life Ins. Co.,* 223 App. Div. 175, dictum; *Wright* v. *Mut. Benefit Life Assn.,* 43 Hun, 61; 118 N. Y. 237, dictum). Choice must now be made between the one view and the other.

We think a notice of rejection without more is not the beginning of a contest within the meaning of the contract. Much can be said in favor of a different holding. In the presence of ambiguity we adhere to the construction adverse to the insurer. Repudiation of a policy is notice that a contest will ensue if insured or beneficiary shall make attempt thereafter to enforce a claim of right. It is not a contest of itself. Repudiation before maturity (the subject of the contract being a policy of insurance) is not even such a breach as will sustain a remedy at law for the recovery of damages (*Kelly* v. *Security Mut. Life Ins. Co.,* 186 N. Y. 16), though it may be the occasion for a declaratory judgment or other remedy in equity. Repudiation after maturity is a step closer to resistance, but it is not resistance by course of law. From the

viewpoint of the law, a contest in its proper meaning is still the *contestatio* of the Romans, or something close thereto. The word is redolent of association with witnesses and writs (cf. Buckland, Text of Roman Law, s.v. *litis contestatio;* Oxford Dictionary, s.v. *litis-contestation;* 3 Blackstone, Comm. 296).

Repudiation is, indeed, an act too uncertain, one resting too often in biased recollection, to be accepted as the equivalent of ordered battle in the courts. The value of a clause declaring a policy incontestable lies to no slight degree in the definiteness of the protection accorded to the holder. The good that it promises is in part a state of mind. After the lapse of two years the insured is no longer to be harassed by the fear that the policy will be avoided by interested witnesses asserting in later days that there was a disclaimer long ago. After a like lapse the beneficiaries are no longer to be subjected to the risk of forfeiture through notices or warnings that may be hard to disprove when the insured is in his grave. Alike for insured and for beneficiaries, there is to be the peace of mind that is born of definiteness and certainty. The clause, in effect, if not in form, is a statute of limitations, established by convention, and like the statute is directed to remedies in court (*Wright* v. *Mut. Benefit Life Assn., supra*).

A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense. If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming liability. If insured and beneficiary hold back, preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in equity to declare the policy annulled (*Cohen* v. *N. Y. Mut. Life Ins. Co.,* 50 N. Y. 610, 625). There are said to be practical difficulties in apply-

ing such a formula. The policy may be payable to the estate of the insured, and the personal representatives may not be named till the expiration of the time permissible for contest. These and like complications will be unraveled when they develop. There is support for the conclusion that by fair implication the non-existence of parties amenable to suit will extend the limit of time within which suit may be begun (*Northwestern Mut. Life Ins. Co.* v. *Pickering, supra;* cert. denied, 263 U. S. 720; cf. *Crapo* v. *City of Syracuse*, 183 N. Y. 395; *Oswego, etc., R. R. Co.* v. *State*, 226 N. Y. 351, 360). For present purposes it is enough to say that a contest begins when the contestants, satisfied no longer with minatory gestures, are at grips with each other in the arena of the fight. When the fight is a civil controversy, the arena is the court.

Nothing now decided is to be read as affecting the validity of an accord and satisfaction between parties capable of contracting, or of a release or surrender as part of an agreement of rescission (*Sexton* v. *Equitable Life Assur. Soc.*, 248 N. Y. 646). Here there was neither capacity on the part of the infants to release their cause of action, nor tender of value to them or to any guardian of their property. The wife took the premiums for herself and no one else. She was not even the administratrix of the estate of the insured. Release or rescission, however effective as to her, was void as to the plaintiffs.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.