MARTHA STRZELICKA, Plaintiff, *v.* CHICAGO FRATERNAL LIFE ASSOCIATION, Defendant.

Supreme Court, Erie County, June 15, 1931.

*Ward, Flynn, Spring & Tillou,* for the plaintiff.

*John H. Clogston,* for the defendant.

LYTLE, J. The defendant, on February 1, 1927, issued a benefit certificate upon the life of Boleslaw Poplawski in the sum of $1,500, payable to the plaintiff, mother of the assured, upon the death of said Boleslaw Poplawski. The assured died on March 4, 1928, and official notice of his death was received by the supreme secretary of the defendant on March 16, 1928. Proofs of death were duly prepared and received by the defendant on the 22d day of March, 1928.

The defendant pleads that the present action is barred by the contractual limitation as to commencement of actions inasmuch as the action was not brought within six months from the date of death of the assured.

In the written application for insurance the applicant stipulated as follows: " And for myself and for any person or persons accepting or acquiring any interest in any Benefit Certificate issued on this application, or arising out of my membership therein, I agree that no action at law or in equity shall be brought or maintained on any cause or claim arising out of my membership, or on said Benefit Certificate, unless an action is brought within six months from the date of my death or the happening of my disability."

The membership certificate issued upon the written application contained the following: " and upon condition, binding said member and every person accepting or acquiring any interest in this Benefit Certificate that no action at law or in equity shall be brought or maintained on any cause or claim arising out of such membership in the Chicago Fraternal Life Association or on this Benefit Certificate, unless such action is brought within six months from the date of the death or happening of the disability of the member."

The by-laws of the defendant, section 407, provide as follows: " Action on certificates must be brought within six months. No action at law or in equity in any court for the recovery on a death claim based upon any benefit certificate heretofore or hereafter issued by this society, can or shall be maintained until after the proofs of death and claimant's rights to benefits as provided in these by-laws shall have been filed with the Supreme Secretary, nor unless brought within six months from the date of death of the member."

It is conceded that the proofs of death were duly and timely filed but that the action was not brought within six months from the date of death of the assured.

The plaintiff contends that there was a waiver of this requirement in so far as the defendant retained the proofs of death and the membership certificate without rejecting the claim or returning the documents.

There is no proof before me to warrant a finding that the condition in the policy was waived by the act, conduct or declaration of the company evidencing a recognition of liability and an intention to pay the loss without compulsion. There were no negotiations or correspondence with reference to the payment of the loss. From the facts, the plaintiff is in no position to assert that she has been misled by the defendant. (*Sullivan* v. *Prudential Ins. Co.*, 172 N. Y. 482.) The plaintiff did not know of the limitation in the contract of insurance, yet this is not an excuse for failure to sue within the time limited. (*DeGrove* v. *Metropolitan Ins. Co.*, 61 N. Y. 594; *Sinincrope* v. *Hartford Fire Ins. Co.*, 207 App. Div. 114.)

The further defense of fraud and breach of warranty in the

procurement of the insurance is untenable because the contestability period had expired at the time the answer was interposed. The benefit certificate specified that the same is incontestable as to death benefits three years from date of delivery. The certificate was issued February 1, 1927, and the answer was interposed November 26, 1930. (*Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44; *Jensen* v. *Metropolitan Life Ins. Co.*, Id. 336; *Wolpin* v. *Prudential Insurance Co.*, 223 App. Div. 339.)

The defendant's motion for a direction of a verdict of no cause of action is, therefore, granted.