BERTA KOVINSKY, Appellant, v. TITLE GUARANTEE AND TRUST COMPANY, Respondent.— Action for money had and received. Judgment dismissing the complaint at the opening of the case reversed on the law and a new trial granted, costs to abide the event. The court is of the opinion that the plaintiff should have been permitted to present the facts as outlined in her complaint. There was no necessity for an election. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

DAWN A. PARIS, Respondent, v. R. Z. SPAULDING COMPANY, INC., and Another, Appellants.— Judgment, entered upon the verdict of a jury, in favor of plaintiff for $5,110.25 for personal injuries and property damage resulting from a collision between plaintiff's automobile and the corporate defendant's motor truck affirmed, with costs. No opinion. Scudder, Davis and Johnston, JJ., concur; Lazansky, P. J., and Tompkins, J., dissent and vote for reversal and a new trial upon the ground that the determination of the jury was against the weight of the evidence.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS CARROLL, Appellant.— Judgment of the County Court of Suffolk county convicting defendant of the crime of rape in the first degree, and order, reversed on the law and the facts and a new trial ordered. We are of opinion that the guilt of the defendant was not proved beyond a reasonable doubt. Lazansky, P. J., Scudder and Tompkins, JJ., concur; Davis and Johnston, JJ., dissent and vote to affirm.

CARMELA ROMANO, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Action by beneficiary on policy of life insurance. The defendant's answer set up defenses of fraud and misrepresentation in the insured's application. This answer was served more than two years after the date of issue of the policy; and the policy had by its terms and by statute become incontestable except for non-payment of premiums. (*Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44; *Wolpin* v. *Prudential Life Insurance Co.*, 223 App. Div. 339.) The stipulations giving the parties additional time to serve their pleadings did not stop the running of the limitation; and that given by plaintiff's attorney on February 19, 1935, after the policy became incontestable, could not affect rights of the plaintiff that had become fixed and vested. It created no estoppel, for the defendant had the application and proofs of death and was fully informed of its rights; and it was not deceived or misled or caused to change its position by any act of the plaintiff directed to that end. Order denying plaintiff's motion to strike out the answer and for summary judgment reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.