MASSACHUSETTS MUTUAL LIFE IN-
SURANCE COMPANY, Plaintiff,

v.

Ruth GOODELMAN, Defendant.

Civ. No. 18487.

United States District Court
E. D. New York.

April 7, 1958.

Tanner, Friend, Kinnan & Post, New York City, for plaintiff, Edward T. Post and Ernst L. Bendix, New York City, of counsel.

Smith & Rafsky, New York City, for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for a dismissal of this action for the rescission of a contract of insurance upon the ground that the plaintiff has an adequate remedy at law.

It is alleged in the complaint that the plaintiff is a foreign corporation; that defendant resides in this district; that on February 27, 1956, the plaintiff issued a policy of life insurance upon the life of Leon Goodelman in the face amount of $100,000; that on or about April 22, 1957, the defendant was duly designated as primary beneficiary thereof; that Leon Goodelman died on or about December 22, 1957; that the policy contained a provision that it would be incontestable after it had been in force for a period of two years from the date of its issue; that within the said two year period and prior to the commencement of this action, plaintiff elected to and did rescind said policy and notified defendant of said election and tendered payment of the premiums paid thereon; that such rescission was based upon false representations or concealment of facts and that the insured was not in good health and was not insurable when the policy was delivered, but on the contrary suffered from diabetes and from arteriosclerosis, associated with said diabetes and was taking insulin.

The plaintiff's action was commenced on February 20, 1958. After the expiration of the contestable period of two years, the defendant instituted an action against the plaintiff to recover the proceeds of the policy, which action is hereinafter called the second action.

The grounds urged by defendant for dismissal of the instant action for rescission is that the sole issue between the parties is basically legal in nature; that the plaintiff has a complete and adequate remedy at law in that it can assert its claims of fraud and misrepresentation in the aforesaid second action and thus assure the present defendant of her right to a trial by jury of that action.

The principal issue on this motion is whether the Mutual Company had the right to resort to a court of equity with its claims for rescission or should have delayed action until the beneficiary sued on the policy and then interposed its defenses in such action. Mutual contends that if it had delayed bringing its action beyond the two year period from date of issue of the policy, it would have lost its right to defend by the operation of the incontestability clause in the contract. It reads as follows:

"Incontestability. This policy * * * shall be incontestable after it has been in force for a period of two years from its date of issue."

It is crystal clear from a mere reading of the provision that if Mutual had any remedy pertaining to the policy, such remedy must be asserted within the two year period, in this case prior to February 27, 1958. It could not be availed of beyond that time. Similar clauses have been so construed in Mutual Life Insurance Co. of New York v. Hurni Packing Co., 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, and Killian v. Metropolitan Life Insurance Co., 251 N.Y. 44, 166 N.E. 798, 64 A.L.R. 956. The beneficiary's contention that the clause is not in compliance with Section 155 of the New York Insurance Law has no merit.

Mutual was not precipitate in instituting its action for rescission. It delayed doing so until its claim was about to be outlawed by the incontestability clause. In fact, barely one week remained for it to take action or forfeit its right to do so. In a similar rescission case, American Life Insurance Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 379, 81 L.Ed. 605, the plaintiff's right to resort to equity by way of claim for rescission was upheld. Mr. Justice Cardozo writing for the Court, said:

"If the policy is to become incontestable soon after the death of the insured, the insurer becomes helpless if he must wait for a move by some one else, who may prefer to remain motionless till the time for contest has gone by. * * * Accordingly an insurer, who might otherwise be condemned to loss through the mere inaction of an adversary, may assume the offensive by going into equity and there praying cancellation."

The motion is denied.