■ UNIONMUTUAL STOCK LIFE INSURANCE CO. OF NEW YORK, Appellant, v JOHN H. KLIEVER, Respondent. — Order and judgment, Supreme Court, New York County (Dontzin, J.), entered February 2 and February 11, 1981, respectively, dismissing the complaint and severing the counterclaim, unanimously

reversed, on the law, without costs, and the motion to dismiss the complaint is denied. This is an action by plaintiff insurance company to rescind a disability insurance policy issued on February 24, 1978, providing for monthly disability benefits in the amount of $2,000, on the ground of a fraudulent misrepresentation in defendant's application. The policy contained the standard incontestability clause: "After this policy has been in force for a period of two years during the lifetime of the Insured, it shall become incontestable as to the statements contained in the application". In response to defendant's claim dated August 28, 1978, plaintiff approved disability benefits effective April 30, 1978. Thereafter plaintiff alleges that it learned, contrary to defendant's representation in his application dated February 23, 1978, that he had applied for a disability policy in an equal amount from another insurance company on the same date. Efforts to compromise the matter failed. On February 20, 1980, four days before the expiration of the two-year period in the incontestability clause, plaintiff commenced this action by filing a summons and complaint with the New York County Clerk in accordance with CPLR 203 (subd [b], par 5) which provides in pertinent part as follows: "(b) *** A claim asserted in the complaint is interposed against the defendant *** when *** 5. The summons *** is filed with the clerk of that county within the City of New York in which the defendant resides *** provided that: (i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision". The defendant was personally served on March 5, 1980. Defendant moved to dismiss the complaint for failure to state a cause of action, alleging that the limitation embodied in the incontestability clause is not the equivalent of a Statute of Limitations and that accordingly the service pursuant to CPLR 203 (subd [b], par 5) was not timely. Special Term granted the motion to dismiss. We disagree, reverse the order and judgment appealed from, and deny the motion to dismiss. In an opinion addressed to a separate but closely related issue *(Killian v Metropolitan Life Ins. Co.,* 251 NY 44, 49) the Court of Appeals (per Cardozo, J.) observed with regard to an incontestability clause: "The clause, in effect, if not in form, is a statute of limitations, established by convention, and like the statute is directed to remedies in court *** A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense." The precise issue presented here was squarely addressed in *New York Life Ins. Co. v Dickler* (135 Misc 594, affd 229 App Div 775). In an extended opinion the trial court held with regard to the predecessor section to CPLR 203 (subd [b], par 5) that a delivery of a summons to the Sheriff of the county in which defendant resided, two days before the expiration of the period set forth in the incontestability clause was effective, to commence the action even though personal service was not effected until many days later. This court affirmed and the case has never been overruled. *Wolpin v Prudential Ins. Co. of Amer.* (223 App Div 339), relied upon by Special Term, involved a wholly separate question, and is in no way inconsistent with the rule explicitly set forth in *Dickler.* Concur — Sandler, J. P., Carro, Silverman and Bloom, JJ.