Berkshire Life Insurance Company, Respondent, v Charles A. Fernandez, Defendant, and Mary A. Fernandez, Appellant.

Second Department, February 2, 1987

**APPEARANCES OF COUNSEL**

*Fabricant, Lipman & Stern (Mark D. Stern* of counsel), for appellant.

*Lane & Mittendorf (William E. Kelly* and *Alan W. Borst, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

MANGANO, J. P.

The question to be resolved on the instant appeal is whether the limitation period contained in an incontestability clause of an insurance policy is equivalent to a Statute of Limitations, and may therefore be tolled by the insurer for an additional period of 60 days pursuant to CPLR 203 (b) (5) by delivery of the summons and complaint to the appropriate Sheriff. The question must be answered in the affirmative.

I

In November 1982, the defendant Charles A. Fernandez, who lived with his wife at 182 Montgomery Street, Newburgh, New York, in Orange County, applied in writing for a life insurance policy from the plaintiff insurer. In the application, the defendant Charles A. Fernandez made numerous representations about his health. As a result of these representations, the plaintiff insurer, on November 5, 1982, issued policy number 843602 on the life of Charles A. Fernandez in the face amount of $100,000, which listed the defendant Mary Ann Fernandez, Charles' wife, as the primary beneficiary. The policy also contained the mandatory two-year incontestability clause (see, Insurance Law § 3203 [a] [3]).

On November 13, 1982, the defendant Charles A. Fernandez disappeared while fishing off the coast of Florida. Shortly thereafter, the plaintiff insurer was duly notified of this occurrence. On October 28, 1983, the defendant Mary Ann Fernandez was issued temporary letters of administration.

By summons and complaint dated October 3, 1984, the plaintiff insurer commenced the instant action to rescind the life insurance policy issued to the defendant Charles A. Fernandez on the ground that Charles had made allegedly false material representations concerning his health in the application for insurance. On October 5, 1984, the plaintiff's attorneys delivered copies of the summons and complaint to the Sheriff of Orange County. Thereafter, during October and November 1984 (and within the two-year contestability period), the plaintiff insurer made several attempts (through the efforts of a process server and the Sheriff's office), to serve the defendants with process. The defendant Mary Ann Fernandez thereafter moved pursuant to CPLR 3211 (a) (8), by notice of motion dated December 10, 1984, to dismiss the complaint, on the ground that the purported attempts at service of process

in October and November 1984 were all defective, and that the court did not have personal jurisdiction over either of the defendants.

During the pendency of this motion, the plaintiff served the defendant Mary Ann Fernandez personally on December 15, 1984, and also moved in late December 1984 for an order pursuant to CPLR 308 (5) directing the manner in which service was to be made upon the absentee defendant Charles A. Fernandez. As a result of this motion, Special Term, by order dated December 28, 1984, directed that service of process upon the absentee defendant Charles A. Fernandez be made by sending the process by certified mail to Mary Ann Fernandez at 182 Montgomery Street, Newburgh, New York. Service of process on the defendant Charles A. Fernandez by certified mail was made pursuant to that order on January 2, 1985.

Thereafter, and again while the first motion to dismiss was pending, the defendant Mary Ann Fernandez moved, by notice of motion, dated January 4, 1985, to dismiss the complaint, *inter alia,* pursuant to CPLR 3211 (a) (5), on the ground, that "[t]he most recent attempt to properly effectuate service", i.e., the service upon her on December 15, 1984, was untimely in that it was made beyond the two-year contestability period, which expired on November 5, 1984.

In opposition to this second motion to dismiss, the plaintiff's counsel argued, *inter alia,* that (1) the delivery of the summons and complaint to the Sheriff of Orange County on October 5, 1984, tolled the contestability period for an additional 60 days, i.e., to January 4, 1985, pursuant to CPLR 203 (b) (5), and (2) the plaintiff had made valid service upon the defendants during this additional 60-day period by virtue of the personal service upon defendant Mary Ann Fernandez on December 15, 1984, and the court-directed service upon the defendant Charles A. Fernandez, which was effectuated on January 2, 1985.

In a decision dated March 12, 1985, upon which an order dated April 22, 1985 was entered, Special Term disposed of the defendant Mary Ann Fernandez' motions by dismissing the complaint. Special Term found that the purported attempts at service made within the two-year contestability period were all defective. With regard to the "additional services" that were made after the two-year contestability period had run, i.e., the personal service on December 15, 1984 on the defen-

dant Mary Ann Fernandez, and the certified mail service pursuant to court order upon the absentee defendant Charles A. Fernandez on January 2, 1985, Special Term rejected the plaintiff's argument that these services of process were timely, holding, without citing any authority, that: "The plaintiff argues that the time bar is extended for sixty (60) days because he served the summons upon the sheriff. However, the court finds that this statutory provision to extend the statute of limitations is not applicable to a contractual agreement between the parties".

In a subsequent motion for reargument, the plaintiff argued, *inter alia,* that (1) a contractual period of limitation could be extended "by placing a copy of the summons and complaint in the hands of the Sheriff", and (2) Special Term had ignored the relevant case law on this point.

In the order appealed from, Special Term granted the plaintiff's motion for reargument, vacated its prior decision dated March 12, 1985, and the order dated April 22, 1985, entered thereon, and, on the authority of *Unionmutual Stock Life Ins. Co. v Kliever* (83 AD2d 805) and *Provident Life & Cas. Ins. Co. v Friedman* (87 AD2d 574), denied the motions of the defendant Mary Ann Fernandez to dismiss the complaint, stating: "[t]he two year period of limitation during which the insurance policy could be contested is extended for sixty (60) days by service of the summons upon the Sheriff".

## II

CPLR 203 (b) (5) provides in pertinent part as follows:

"(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant * * * when * * *

"5. The summons is delivered to the sheriff of that county outside the city of New York or is filed with the clerk of that county within the city of New York in which the defendant resides * * * provided that:

"(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision".

This provision permits the plaintiff to tack on an additional 60 days to the otherwise applicable Statute of Limitations by simply serving the appropriate Sheriff with a summons and at the very least, a notice describing the nature of the action and the relief sought (CPLR 305 [b]; *Frerk v Mercy Hosp.,* 99 AD2d 504, *affd* 63 NY2d 635).

It is now well settled in New York that an incontestability clause is in the nature of, and serves a similar purpose as a Statute of Limitations *(Berkshire Life Ins. Co. v Weinig,* 290 NY 6, 10; *see also, Killian v Metropolitan Life Ins. Co.,* 251 NY 44, 49; *Tabachinsky v Guardian Life Ins. Co.,* 147 NYS2d 719, 723).

In *Unionmutual Stock Life Ins. Co. v Kliever (supra),* a disability insurance policy was issued by the plaintiff insurer to the defendant on February 24, 1978, in response to an application from the latter, dated February 23, 1978. The policy contained a two-year incontestability clause. Thereafter, the plaintiff learned, contrary to the defendant's representation in his application, that he had applied for a disability policy in an equal amount from another insurer on the same date. On February 20, 1980, four days before the expiration of the two-year period in the incontestability clause, the plaintiff commenced an action to rescind the policy on the ground of fraudulent misrepresentation in the defendant's application, by filing a summons and complaint with the New York County Clerk in accordance with CPLR 203 (b) (5). The defendant insured was personally served on March 5, 1980. Thereafter, the defendant moved to dismiss the complaint, alleging that the limitation period embodied in the incontestability clause was not the equivalent of a Statute of Limitations and was not tolled by the service of process upon the Sheriff. Accordingly, the defendant argued that the personal service upon him on March 5, 1980, was untimely. Special Term granted the defendant's motion to dismiss.

In reversing the order of Special Term, and denying the defendant's motion to dismiss the complaint, the Appellate Division, First Department, held: "In an opinion addressed to a separate but closely related issue *(Killian v Metropolitan Life Ins. Co.,* 251 NY 44, 49) the Court of Appeals (per Cardozo, J.) observed with regard to an incontestability clause: 'The clause, in effect, if not in form, is a statute of limitations, established by convention, and like the statute is directed to remedies in court * * * A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense'. The precise issue presented here was squarely addressed in *New York Life Ins. Co. v Dickler* (135 Misc 594, affd 229 App Div 775). In an extended opinion the trial court held with regard to the predecessor section to CPLR 203 (subd [b], par 5) that a delivery of a summons to the Sheriff of the county in which defendant resided, two days

before the expiration of the period set forth in the incontestability clause was effective, to commence the action even though personal service was not effected until many days later. This court affirmed and the case has never been overruled" *(Unionmutual Stock Life Ins. Co. v Kliever, supra,* at p 806).

We take this opportunity to expressly register our concurrence with the holding of the Appellate Division, First Department, in *Unionmutual Stock Life Ins. Co. v Kliever (supra; see also, Provident Life & Cas. Ins. Co. v Friedman,* 87 AD2d 574, *supra; S&J Deli v New York Prop. Ins. Underwriting Assn.,* 119 AD2d 652).

## III

Since the summons and complaint herein were delivered by the plaintiff to the Sheriff of Orange County within the contestability period, the plaintiff was afforded an additional 60 days after the incontestability period had expired, i.e., until January 4, 1985, to commence the instant action *(Unionmutual Stock Life Ins. Co. v Kliever, supra).* The record indicates that the plaintiff took advantage of this opportunity by properly serving the defendants Mary Ann Fernandez and Charles A. Fernandez on December 15, 1984, and January 2, 1985, respectively. Accordingly, Special Term properly denied the motions by the defendant Mary Ann Fernandez to dismiss the action.

NIEHOFF, LAWRENCE and KUNZEMAN, JJ., concur.

Ordered that the order is affirmed, with costs.