THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, v. JOHN MARZEC, Defendant.

JOHN MARZEC, Plaintiff, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Niagara County, December 28, 1932.

*Dudley, Stowe & Sawyer* [*Frederick L. Allen* of counsel], for The Mutual Life Insurance Company of New York.

*Watts & Findlay* [*Bernard Sax* of counsel], for John Marzec.

HINKLEY, `J. An action based on fraud was brought in the Supreme Court by the above-named life insurance company in order to keep alive the right of contestability upon two policies of life insurance issued by that company upon the life of one Anna Marzec. Later the above-named John Marzec, as beneficiary under said policies, brought an action at law in the same court to recover on the policies. This court must determine whether it will enjoin the trial of either action until the determination of the other, there being before the court a motion in each action for that relief.

In October and November, 1931, The Mutual Life Insurance Company of New York issued two policies of life insurance, each for $1,000, upon the life of one Anna Marzec. The insured died on February 6, 1932, and the above-named John Marzec was at that time the beneficiary named in the policies. Proofs of death were filed. Each policy provided that the same should be incontestable after one year from its date of issue unless the insured died in such year, in which event it should be incontestable after two years from its date of issue. Upon the death of the insured, the interest of the insurer called for a contest in court within the two-year period. It might be argued that in any case the interest of a beneficiary might better be that of watchful waiting with a silent prayer that the insurer would not awaken until the expiration of the two-year period.

The contest began and the period of contestability was con-

tinued indefinitely by the commencement of the above-entitled action upon the part of the insurer. (*Killian* v. *Metropolitan Life Insurance Co.*, 251 N. Y. 44, at p. 49.) There is nothing before the court to indicate whether the beneficiary has lost his right to a jury trial in the action brought by the insurer (Rules Civ. Prac. rule 157) or whether the court has or would grant that right in its discretion. (Civ. Prac. Act, § 430.) The beneficiary, therefore, with nothing to gain by further delay and its right to a jury trial at all times uncertain or actually lost in the action brought by the insurer, commenced his action against the insurer. There are thus two contests well begun.

Both " contestants, satisfied no longer with minatory gestures, are at grips with each other in the arena of the fight. When the fight is a civil controversy, the arena is the court." (*Killian* v. *Metropolitan Life Insurance Co.*, *supra*.)

The court, in the determination of these motions, must determine which contestant shall be permitted to strike the first blow. The exact location in the arena or the determination of which side of the court, law or equity, where the contest shall take place, is of no great moment to either the court or the participants save upon the question of a jury trial, for one case can be as speedily reached and tried as the other. This court, however, is guided by two controlling influences. Neither contestant is entitled to an unfair advantage over the other and the fight must, if possible, be to a finish. There can be no question but that had the beneficiary brought his action first the insurer could not bring an action in equity, because in the action at law the insurer could, by way of an equitable defense, have accomplished the same result. (*McHenry* v. *Hazard*, 45 N. Y. 580, at p. 587.)

The insurance company brought its action in equity for fraud, asking a cancellation of the policies, and the beneficiary in that action entered a general denial only. The beneficiary later brought his action upon the policies and the insurer set up fraud. The trial of the equity action first might not be determinative of all the issues involved in the two actions, but the trial of the law action first would end all further litigation upon the policies. In the event of the trial of the equity action first, the litigation would be ended if the plaintiff insurer was successful. On the other hand, if the insurer were unsuccessful, then the beneficiary must still pursue his action at law to recover upon the policies. The insurer, it is true, could not, after the rendition of judgment against it in the first action, amend its answer in the action at law and set up new defenses. For there is a rule of law that a judgment is final and conclusive upon all matters which might have been litigated and decided in the first action. (*Hull* v. *Hull*, 225 N. Y. 342,

at p. 353.) That rule of law would seem to require that the beneficiary present in the second action only formal proof. Yet the fact remains that in the event the insurer is not successful in the first action in equity, the second action must remain upon the calendar of the court and be tried. That fact alone would give preference to the action at law. (*Oppenheimer* v. *Carabaya Rubber & Nav. Co.*, 145 App. Div. 830.)

The beneficiary was not required to counterclaim in the equity action for relief upon the policies and his failure to do so was not *res adjudicata.* (*Brown* v. *Gallaudet*, 80 N. Y. 413; *Brink's Express Company, Inc.*, v. *Burns*, 230 App. Div. 559, 563.)

The propriety of affording equitable relief to a party against prosecution at law or decreeing the cancellation of written instruments rests in the sound discretion of the court, to be exercised according to the circumstances and exigencies of each particular case, and it is impossible to lay down general rules which shall govern all cases. (*Town of Springport* v. *Teutonia Savings Bank*, 75 N. Y. 397, at p. 402.) Equitable relief depends upon the existence of some circumstance establishing the necessity of a resort to equity to prevent an injury which might be irreparable and which equity alone is competent to avert. (*Town of Venice* v. *Woodruff*, 62 N. Y. 467.)

The fact that the action in equity was brought first should not be controlling under the circumstances. If victory must perch upon the shoulders of the one most vigilant in hurrying to court, then the race is not from scratch. An unfair handicap is yielded to the insurance company which can bring its action immediately upon the death of the insured while the beneficiary is restrained in his action at law, at least until the preparation and filing of the proofs of loss. However urgent the necessity of the insurance company to bring its action in equity to extend the time of contestability, that special circumstance which alone gave to equity its jurisdiction does not now exist. The insurer, at the present time, has an adequate remedy at law by way of equitable defense to the action brought by the beneficiary. (*Bankers Reserve Life Co.* v. *Omberson*, 123 Minn. 285; 48 L. R. A. [N. S.] 265.)

Insurer, by bringing its action in equity, has postponed indefinitely the period of contestability, which advantage is well worth the effort of commencing suit and sufficient reward for vigilance without adding to it the unfair advantage of depriving the beneficiary of his right to a jury trial. There is no call upon the court to thus penalize the beneficiary.

Motion to stay the trial of the action at law denied, and motion to stay the trial of the action in equity until the determination of the trial at law granted, with costs.