The Mutual Life Insurance Company of New York, Plaintiff, *v.* Lena Kessler, Defendant.
Lena Kessler, Plaintiff, *v.* The Mutual Life Insurance Company of New York, Defendant.

Supreme Court, Special Term, Albany County, September 28, 1936.

*Frederick L. Allen,* for the plaintiff The Mutual Life Insurance Company.

*Illch & Poskanzer,* for the defendant Lena Kessler.

SCHIRICK, J.   On February 6, 1936, and on subsequent occasions the plaintiff in the first of the above-entitled actions issued to the defendant's husband its policies of insurance upon his life.   These policies contained the statutory incontestability clause to the effect that, " Except for non-payment of premiums, this policy shall be incontestable after one year from its date of issue unless the insured dies in such year, in which event it shall be incontestable after two years from its date of issue."

On April 28, 1936, the insured died.   The defendant was and is the beneficiary of the policies.

Alleging that the policies were issued in reliance upon certain fraudulent misrepresentations made by the insured to the plaintiff's medical examiner as to the condition of his health and his medical history, but for which the policies would not have been issued, the plaintiff, on June 20, 1936, began this suit in equity for a rescission of the policies.   On July 3, 1936, before joinder of issue in this action, the beneficiary started her action at law to recover upon the policies.   By her answer to the complaint in the rescission suit the beneficiary denies all allegations of fraud in the complaint, and as an affirmative defense thereto alleges that an action had been brought at law against the insurance company to recover upon the policies, and that by reason of the bringing of this action the company had an adequate defense at law.   By its answer to the law action, the insurance company sets up fraud in the procurement of the policies.

Two motions are now before the court.   One is by the defendant (beneficiary) in the rescission suit, praying for judgment on the pleadings upon the ground that the complaint fails to state facts sufficient to constitute a cause of action, it appearing that the plaintiff has an adequate remedy at law.   The other is by the insurance company praying for an order consolidating the equity action with the law action, or, in the alternative, staying trial of the law action until the final determination of the equity action.

It is evident that the real issue is whether the allegations of fraud shall be tried before a jury or not.   True it is that the insurance company started its action first.   It is also an established principle of law that an insurer on a policy which contains an incontestable clause has a standing in equity to sue for a rescission.   Otherwise

the beneficiary by waiting until the end of the period of contestability could forestall the raising of any issue of fraud. (*Travelers Insurance Co.* v. *Snydecker*, 127 Misc. 66.) A " contest," within the terms of the policy, means a legal contest by way of an action brought or defense interposed in litigation. (*Killian* v. *Metropolitan Life Insurance Co.*, 251 N. Y. 44.) But here we have a situation wherein within a short time after the commencement of the suit in equity and long before the end of the contestability period, an action at law is brought by the beneficiary. In that action the insurance company could raise the defense of fraud and has done so by its answer. A trial of this action would determine and put an end to all issues, whereas, in the event of the beneficiary's victory in the equity suit, he might still be forced to sue at law to recover upon the policies. (See *Mutual Life Insurance Co.* v. *Marzec*, 146 Misc. 26.) As the situation exists at present, the company has an adequate remedy at law. Having once raised the issue of fraud, it can no longer be foreclosed by the incontestability clause. (*Romano* v. *Metropolitan Life Insurance Co.*, 271 N. Y. 288.) In view of such facts, the court is faced with the question whether an insurer, without alleging that it had given notice of rejection, or that it had in any other way given warning that it would contest a policy, can rush into equity first, and by the mere fact of priority deprive the beneficiary of a jury trial. If the sole determining question is to be one of speed, the race is not an equal one. As was pointed out in the *Marzec Case* (*supra*), the insurance company has the advantage of being able to start the suit at the moment of the death of the insured. The beneficiary, on the other hand, must wait at least until proofs of death have been prepared and filed.

The court is not prepared, in the absence of binding authority, to hold that mere priority of action is conclusive. The issues raised here have not, so far as industry of counsel and the court's own investigation reveal, ever been squarely presented to and determined by the appellate courts. *Mutual Life Insurance Co.* v. *Wolff* (241 App. Div. 869) is heavily relied upon by the insurance company. That is a memorandum opinion by the Appellate Division of the First Department affirming the decision of the Special Term. From an examination of the opinion of the Special Term (154 Misc. 431), it is evident that the issue there raised is not on all fours with the case at bar. No motion was made in the *Wolff* case to dismiss the equity action upon the ground that the law action provided an adequate remedy at law. The Special Term did stay the trial of the law action until the determination of the suit in

equity. But the granting of a stay is a matter for the sound discretion of the court. It is impossible to determine from the memorandum of the Appellate Division whether or not it was affirmed because of any special facts of that case.

The case of *Mutual Life Insurance Co.* v. *Bane* (236 App. Div. 831) is also urged upon the court by the insurance company. But this too is a memorandum opinion and it is impossible to discover therefrom the grounds of decision. Surely such a case cannot be considered as setting a precedent for the guidance of the lower courts. On the other hand, the *Marzec Case* (*supra*), while it is a decision of the Special Term, does go into all phases of the question involved in the case at bar and holds that priority of action is not the sole criterion. It must be kept in mind that equity is more interested in protecting substantial rights than technical advantage. In a situation such as that presented here, equity demands that some notice be given of intention to contest the policy, so that the beneficiary may have the opportunity of securing his right to a jury trial by prompt action.

The motion to dismiss the complaint is granted. The motion for a consolidation, or in the alternative, a stay, is denied, with ten dollars costs.