THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, *v.* ELIZABETH HANEY, Defendant. (Action No. 1.)

ELIZABETH HANEY, Plaintiff, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant. (Action No. 2.)

Supreme Court, Onondaga County, May 6, 1937.

*Bond, Schoeneck & King* [*Lyle Hornbeck* of counsel], for the plaintiff.

*Stone, Marvin & Hand* [*P. Sidney Hand* of counsel], for the defendant.

DOWLING, J. On April 4, 1936, William L. Haney made application in writing to the Prudential Insurance Company of America for a $1,000 term policy of insurance on his life. In his application he made certain representations as to the condition of his health. Relying upon said representations and in consideration thereof, and of the premiums to be paid, the Prudential Insurance Company of America on said date issued to him a term policy in the amount of $1,000. The application was attached to and made a part of the

policy. The policy provided that " all statements made by the insured shall in the absence of fraud be deemed representations and not warranties." In the application the insured was asked the following questions and gave the following answers:

" 15. What illnesses and accidents have you had during the last three years? None.

" 16. Have you ever been seriously ill? If so, give particulars. No.

" 17. Do you know of any impairment in your physical condition or health? If so, give particulars. No.

" 19. Are you now in good health? Yes."

The policy contained the following clause: " Incontestability.— This policy shall be incontestable after one year from its date of issue, except for non-payment of premiums."

The policy contained no provision limiting the time within which action might be brought by the beneficiary to recover the proceeds of the policy.

William L. Haney died July 8, 1936, as the result of a heart ailment. His sister Elizabeth Haney, beneficiary in said policy, promptly notified the Prudential Insurance Company of America of the fact of his death and requested blanks for the filing of proofs of death which blanks the company failed to furnish.

After the death of the insured, and on the 25th of August, 1936, the company notified Elizabeth Haney that said policy was invalid and ineffective by reason of the falsity of the representations of the insured in his answers to the above questions and that the company elected to rescind and cancel said policy and it tendered to Elizabeth Haney eight dollars and thirty-four cents, the total premiums paid upon said policy. Elizabeth Haney refused the tender.

After the service of said notice and the tender of premiums paid, the matter lay dormant until February 19, 1937, when the company instituted an action in equity against Elizabeth Haney as beneficiary wherein it prayed for judgment that said policy be declared void and be canceled. In this action the company alleged that it had no adequate remedy at law.

On March 4, 1937, Elizabeth Haney answered the complaint in said action putting in issue the allegations of fraud and misrepresentations. She interposed no counterclaim for the amount of the policy. Her counsel says no such counterclaim was available. It is not necessary to decide that question now.

On March 30, 1937, Elizabeth Haney, as beneficiary, brought action against the Prudential Insurance Company of America to recover the amount alleged to be due under the policy. In this action the company interposed an answer putting in issue the

right of Elizabeth Haney to recover and pleading two affirmative defenses: (1) That there is another action pending between the parties involving the same subject-matter; (2) pleading as a defense the same facts alleged in its action against Elizabeth Haney for a cancellation of said policy.

Elizabeth Haney, by appropriate procedure, placed the action in which she is plaintiff on the jury trial calendar for the term commencing May 3, 1937, at Syracuse. The company has not served or filed a note of issue in either action. There is an equity term scheduled for June, 1937, at which the action brought by the company may be tried if properly placed upon the calendar.

On April 3, 1937, the company moved in the action of Elizabeth Haney against it " for an order staying all proceedings in this action pending a trial and determination of the action in the Supreme Court, County of Onondaga, entitled, ' The Prudential Insurance Company of America, plaintiff, v. Elizabeth Haney, defendant.' "

On the 6th of April, 1937, Elizabeth Haney served a cross-notice of motion in both actions " for an order of this court staying all proceedings " in the action of the Prudential Insurance Company of America against Elizabeth Haney, pending trial and determination of the action wherein Elizabeth Haney is the plaintiff.

Elizabeth Haney has not moved to dismiss the equity action on the ground that the plaintiff in that action now has an adequate remedy at law by reason of the defense interposed in the action wherein Elizabeth Haney is the plaintiff.

Under ordinary circumstances the beneficiary of a life policy is entitled as a matter of right to a trial by jury. This right, however, is not absolute and may be lost by dilatory tactics.

If an insurance company intends to contest the validity of its policy, it must give prompt notice to the beneficiary of that fact so that the beneficiary may, by timely action, preserve her right to a jury trial. (*Mutual Life Ins. Co.* v. *Kessler*, 160 Misc. 543, 546.) The company in this instance complied with this requirement by giving notice to the beneficiary of the fact that it considered said policy void. This notice was served on the 25th of August, 1936. This notice was a warning to the beneficiary to begin action upon said policy if she desired a trial by jury, but the beneficiary rested on her oars. Why? The answer is obvious. The company had one year in which to test the validity of the policy by suit. The beneficiary was bound by no such limitation to bring action to recover upon the policy. Under those circumstances the beneficiary was hopeful that the company would forget to institute action within the year as provided in the policy, and if it did, the company has to pay. She chose to gamble with

this possibility. Due to the inaction of the plaintiff, the company was forced to institute an action in equity to cancel the policy. If the beneficiary was anxious for a jury trial, she could have begun an action immediately on receipt of notice from the company and thus have prevented the institution of an action in equity by the company. Had the beneficiary begun her action promptly upon receipt of said notice, the company would have had to interpose its defense in the action at law. Having by her own maneuvering forced the company to resort to an action in equity, the beneficiary should not now complain if she has lost her right to a jury trial, and she has lost it. The blame is hers. (*Romano* v. *Metropolitan Life Ins. Co.*, 271 N. Y. 288, 290, 291.)

The motion by the company to stay the trial of the action at law pending trial and disposition of the action in equity is granted. Cross-motion of beneficiary to stay the trial of the action in equity is denied.

If the company does not notice the case for trial at the June, 1937, Equity Term and proceed to trial at said term, the beneficiary may move to vacate the stay in the action at law.

Enter orders accordingly.