NEW YORK LIFE INSURANCE COMPANY, Plaintiff, *v.* CELIA MARCIN, Defendant.

CELIA MARCIN, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Erie County, November 8, 1937.

*Otto A. Samuels* [*Charles S. Desmond* of counsel], for Celia Marcin, for the motion.

*Dudley, Stone & Sawyer* [*Roy P. Ohlin* of counsel], for the New York Life Insurance Company, opposed.

HARRIS, J.  The first above-entitled action is brought in equity to rescind a policy of insurance of which the defendant is a beneficiary on the ground that fraudulent representations caused the reinstatement of the policy.

The second above-entitled action is one at law brought for the purpose of securing the amount of such insurance.

Both of these actions are at issue and can be reached for trial at an early date, although it is quite likely that the action at law will be reached at least several weeks after the time that the action in equity can be reached for trial.  The defendant in the first above-entitled action, who is the plaintiff in the second above-entitled action, has moved for an order to stay the trial of the equity action until the trial of the action at law.

The type of relief sought by this motion has been discussed in a number of cases of varying authority. One court has held (*Wolff v. Mutual Life Ins. Co. of N. Y.*, 154 Misc. 431) that the rule of "first come first served" should be followed. In general, the courts that have discussed the question have said in substance that, all other matters being equal, and there being no waiver of the right to a jury trial, the action at law should be tried first. (*Mutual Life Ins. Co. v. Marzec*, 146 Misc. 26; *Mutual Life Ins. Co. v. Kessler*, 160 id. 543; *Prudential Ins. Co. of America v. Haney*, 163 id. 179; *American Life Ins. Co. v. Stewart*, 300 U. S. 203.)

With these rules in mind, this court considers the facts presented on this application, and which facts are as follows: By reinstatement the insurance policy took effect on November 22, 1935, and becomes incontestable November 22, 1937. The insured died on June 28, 1937, and proofs of death were submitted by the beneficiary on July 3 and July 8, 1937. On July 9, 1937, the insurance company notified the beneficiary of its election to rescind the reinstatement because of fraudulent representations made, and made a proper tender of moneys due if such rescission was effective. On July 14, 1937, the insurance company returned to the beneficiary the proofs of death, and on August 23, 1937, the action in equity was brought by the insurance company. On September 8, 1937, the beneficiary served an answer in the equity action, which answer contained a counterclaim demanding judgment in favor of the beneficiary for the amount of the policy. To this counterclaim the insurance company replied on the 15th day of September, 1937, and then served and filed a note of issue for the term of court beginning October 4, 1937. On October 6, 1937, the beneficiary served an amended answer in the equity suit omitting the counterclaim, and on the same day she began the action at law above mentioned. On October 19, 1937, the insurance company served its answer in the law action. On October 20, 1937, the plaintiff in the law action served her note of issue for the term of court commencing November 1, 1937.

These facts above stated differ from any of those discussed in the cases above cited, and apparently present a situation not yet passed upon by a court. The difference is that the beneficiary in answering in the equity suit interposed her counterclaim, which afterwards, became the basis of her complaint in the action at law. The court is of the opinion that by setting up such counterclaim she indicated that she was satisfied to have the matters at issue disposed of in the equity action, and thus waived any right she may have had to ask that the trial of the action of law be had before the disposition of the equity action. In this her situation is somewhat similar:

to that of the beneficiary of the policy involved in the suit of *American Life Ins. Co.* v. *Stewart (supra)*. In the *Stewart* action the beneficiary stipulated that the equity issues should be tried prior to the trial of the law issues, and there the court said that by such stipulation the beneficiary threw away the possibility of a jury trial prior to the trial of the issues in equity.

The motion to restrain the trial of the action in equity is denied.