THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, *v.* MORDECAI MARKOWITZ, SANFORD H. MARKHAM, JEROME D. MARKHAM and Others, Defendants. (Action No. 1.)

Supreme Court, Special Term, Kings County, December 19, 1939.

ANNE BERNICE MARKHAM, an Infant, by SYLVIA MARKHAM, Her Guardian ad Litem, Plaintiff, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant. (Action No. 2.)

Supreme Court, Nassau County, December 19, 1939.

*Solon Weit*, for the plaintiff in action No. 1 and for the defendant in action No. 2, The Prudential Insurance Company of America.

*Sanford H. Markham*, for the defendants in action No. 1 and for the plaintiff in action No. 2.

HALLINAN, J.  On August 9, 1937, The Prudential Insurance Company of America (hereafter referred to as the " Company ") issued a policy of life insurance on the life of one Sophia Markowitz in the sum of $5,000, containing in substance the following beneficiary provisions:

1. The proceeds of the policy to be held by the Company and a guaranteed interest thereon paid to Mordecai Markowitz during his lifetime and after ten years the proceeds to be " subject to withdrawal by said beneficiary only to the extent that he may in each year  *  *  *  make a single withdrawal of $250 from the amount so held."

2. At the death of Mordecai Markowitz the principal amount or any withdrawn portion thereof to be paid " in one sum in equal shares to such of Sanford H. Markham and Jerome D. Markham, sons of the insured, as may be living and *per stirpes* to the living children if any of such of said Sanford H. Markham and Jerome D. Markham as may be deceased."

The insured died on October 10, 1938.  Her three sons, the said named beneficiaries, Mordecai, born December 12, 1908; Sanford,

born December 24, 1904, and Jerome, born January 27, 1917, survive.

At that time, as well as at the trial, Sanford alone was married. Anne Bernice, born March 3, 1938, was his only child.

In December, 1938, and well within the time limited by the incontestability clause of the policy — " two years from its date of issue "— the company brought an action designating the aforesaid beneficiaries named in the policy as well as the executors of the will of the insured, defendants. This action, which will hereafter be referred to as " Action No. 1 " sought to contest the policy by reason of material misrepresentations by the insured and prayed that it " be rescinded and declared null and void and of no effect and that the plaintiff be discharged of and from all, any and further liability with regard thereto," and for other incidental relief, having for its general purpose the complete nullification of the insurer's obligations under the policy, upon the return of the two paid annual premiums aggregating $436.90. All of the defendants named in said action answered.

Subsequently, and on or about August 15, 1939, after the toll of the contestable period contained in the policy, and while Action No. 1 was pending, an order was made appointing Sylvia Markham, wife of Sanford H., one of the defendants in said action and attorney for all of the defendants therein, guardian *ad litem* of Anne Bernice Markham, his daughter. Shortly thereafter the said infant, by her guardian *ad litem*, instituted an action through her father as her attorney, against the company seeking an adjudication of the interest, if any, of said infant in and to the proceeds of the policy which is the subject of Action No. 1. The company interposed an answer in said action alleging affirmatively the facts upon which it prayed for the rescission of the policy in its own action previously instituted and asked for the consolidation of both. These actions were, upon the company's motion, duly consolidated and thus tried before this court.

Sanford H. Markham, as attorney for the defendants in Action No. 1 and for the infant in the second action, adduced but formal proof at the trial and in his main brief submitted thereafter conceded " that the company has established a material misrepresentation in the application sufficient to warrant a rescission of the policy " and assumed throughout " that the judgment to be entered will so decide that issue." Indeed, the result was a foregone conclusion; none other is possible in light of the record.

Counsel for the respective parties have argued pro and con as to whether the infant, concededly not named specifically as a party defendant in Action No. 1, was a proper and necessary party thereto. While no direct authority on that issue in relation to

a contest of a life insurance policy was furnished, or found by the court, rulings of the Court of Appeals in *Hess* v. *Hess* (233 N. Y. 164) and *McKnight* v. *Bank of New York & Trust Co.* (254 id. 417), would seem to apply, although a dower interest was the subject-matter of the first case and a trust of the second. In the *Hess* case the court held that those having " the first remainder represented in the particular action unborn children having a contingent estate " but " that this rule has never been applied to living persons having contingent interests or estates," and in the *McKnight* case it was said: " Not always is it easy to determine in an action of this kind who should be made parties or who are the beneficially interested, but the prevailing equitable rule appears to be that all those who are living and are beneficially interested should be made the parties in an action to set aside or revoke the instrument or deed of trust."

This rule, applied to the instant case, would require a holding that since the infant was alive at the time that Action No. 1 was instituted, she was a proper and necessary party, and the fact that she was not a named beneficiary in the policy, but merely belonged to a general class of persons who may, upon the happening of various contingencies, share in one-half of the proceeds if any, was no impediment to joining her in view of section 215 of the Civil Practice Act which permits the fictitious naming of an unknown defendant by " adding a description identifying the person intended."

The essential issue in this case, however, is not so much the question of parties, since the infant is now before the court, but rather is it the question whether a suit timely commenced by the insurer to rescind a policy of life insurance for material misrepresentations in its procurement, is a " contest " as the term has been construed, which stopped for all purposes the running of the period of limitations provided in the " incontestability clause."

The infant contends that her interest in the policy is incontestable as " she did not become a party until after the operation of the incontestability clause." She claims, therefore, that notwithstanding that the policy may be properly rescinded as to all others and the premiums refunded, she will be entitled to $2,500 upon the death of the primary beneficiary Mordecai, if the latter survives her father, Sanford H. According to this view, her interest in the rescinded policy would actually be larger than it would be if it were held valid, since Mordecai cannot withdraw any of the proceeds in accordance with option 3 of the beneficiary clause, and the general class of persons of which the infant is a member cannot be enlarged by any afterborn brothers and sisters since the latter will have been divested by the rescission of any

possible interest because they were represented in this action by their father, the defendant Sanford H. Markham. (*Hess* v. *Hess, supra.*)

In *Killian* v. *Metropolitan Life Ins. Co.* (251 N. Y. 44) the Court of Appeals said through CARDOZO, Ch. J. (at p. 48): " Repudiation of a policy is notice that a contest will ensue if insured or beneficiary shall make attempt thereafter to enforce a claim of right. It is not a contest of itself. * * * The clause, in effect, if not in form, is a statute of limitations, established by convention, and like the statute is directed to remedies in court (*Wright* v. *Mutual Benefit Life Assn.*, 118 N. Y. 237). A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense. If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming liability. If insured and beneficiary hold back, preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in equity to declare the policy annulled."

There the court laid down a general principle, but in doing so specifically recognized that complications might arise in the future in applying that principle, and concluded " complications will be unraveled when they develop " (p. 50).

Such a complication is involved in the instant case. Here the insurer instituted a contest within the period of contestability. The relief sought was not alone the complete nullification of the policy in question, but the perpetual restraint of the defendants from assigning or transferring their interest, if any, and from prosecuting any action on account thereof; the last also, as to " all persons claiming an interest under and by virtue of the terms of the said policy." In addition, it was prayed " that such other persons be impleaded herein as it may appear to the court necessary for the adjudication of the plaintiff's cause of action herein and that the interest and obligation of such other parties be likewise adjudicated."

To this complaint two answers were interposed, one by Jerome D. Markham, one of the two contingent beneficiaries, and the other by the remaining defendants, including the second contingent beneficiary. Although at the trial the defendants in Action No. 1 withdrew all counterclaims, it is interesting to note that the counterclaim of Jerome D. Markham, as a contingent beneficiary, prayed for " an affirmative judgment decreeing that the settlement and /or trust contained in the policy sued on herein, be set up by the plaintiff according to the terms and conditions thereof."

How can it be said, under such circumstances, that this action was not a contest, timely initiated by judicial proceedings so as to give the insurer the benefit thereof for all purposes?

While the combination of facts herein involved does not appear to have been passed upon in any reported case, there are expressions of courts in this and other jurisdictions which tend to the view that " having once raised the issue of fraud " the insurer " can no longer be foreclosed by the incontestability clause." (*Mutual Life Ins. Co. of N. Y.* v. *Kessler,* 160 Misc. 543, citing *Romano* v. *Metropolitan Life Ins. Co.,* 271 N. Y. 288.)

In *Mutual Life Ins. Co.* v. *Marzec* (146 Misc. 26) Mr. Justice HINKLEY said (at p. 29): " Insurer, by bringing its action in equity, has postponed indefinitely the period of contestability."

In *Prudential Ins. Co.* v. *Stone* (270 N. Y. 154), an action to invalidate a policy was commenced within the lifetime of the insured and within the contestable period, but only the beneficiary was served, and the insured died after the expiration of the period of contestability without having been served. The court held that service of the summons on the beneficiary before the date upon which the policy became incontestable commenced the contest against both the beneficiary and the insured, the court stating (at p. 161): " The interests of the parties in the subject-matter of the action are such that they stand or fall together and judgment against one will similarly affect the other."

In *New York Life Ins. Co.* v. *Hurt* (35 F. [2d] 92, 96) the Circuit Court of Appeals, Eighth Circuit, said: " Once having initiated a contest by judicial proceedings within the contestable period, the effect of such contest was, unless thereafter waived, to give the company the benefit thereof in the future, in that or other actions, upon all and only such grounds as were set forth in such contest. It is not necessary that the company be successful in that particular action if the reason for such lack of success be other than a determination of the merits thereof." (Cf. *Prudential Ins. Co. of America* v. *Prescott,* 130 Fla. 11; 176 So. 875; *Thomas* v. *Metropolitan Life Ins. Co.,* 135 Kan. 381; 10 P. [2d] 864; *Lee* v. *All States Life Ins. Co.,* 49 Ga. App. 718; 176 S. E. 811; *Powell* v. *Mutual Life Ins. Co.,* 313 Ill. 161; 144 N. E. 825; *Ætna Life Ins. Co.* v. *Daniel,* 328 Mo. 876; 42 S. W. [2d] 584.)

From the foregoing it is clear that both equity and reason require the holding that the commencement of the insurer's action suspended the period of limitation to contest the validity of the policy and that the decree rescinding the policy, granted on the merits, is a bar to all the beneficiaries having an interest therein, irrespective of when they became parties to the action.

Accordingly, judgment will be entered on the merits in favor of the insurance company, as prayed for in its complaint, and the complaint of the infant plaintiff dismissed on the merits, both

·without costs, and the motion of the infant and of the representatives of the estate of the insured for judgment denied.  The premiums on deposit will be paid to the executors of the estate of Sophia Markowitz.

Settle judgment on notice.