PHOENIX MUTUAL LIFE INSURANCE COMPANY, Appellant, v. JOHN W. CONWAY et al., Respondents.—

In our opinion, defendants' failure to bring an action within the seven-month period after plaintiff notified them of its intention to rescind the policy on the ground of fraud, constituted a waiver of their right to a jury trial (*Prudential Ins. Co. of America* v. *Haney*, 163 Misc. 179; *American Life Ins. Co.* v. *Stewart*, 300 U. S. 203). We are also of the opinion that under the circumstances here, since the action for rescission was commenced first, it should be tried first (*Wolff* v. *Mutual Life Ins. Co. of New York*, 154 Misc. 431, affd. 241 App. Div. 869; *New York Life Ins. Co.* v. *Marcin*, 164 Misc. 781). Beldock, P. J., Hill, Rabin and Hopkins, JJ., concur; Ughetta, J., dissents and votes to affirm the order, with the following memorandum: A policy of life insurance was issued by plaintiff under date of October 16, 1959 to Lillian M. Conway, who died on July 17, 1960. The insurer, feeling that the insured had materially misrepresented her physical condition, on September 15, 1960 notified the beneficiaries that it intended to rescind the policy and tendered a check representing the premium paid, with interest. Subsequently, in April, 1961, the insurer commenced an action for rescission. In such action the beneficiaries interposed a counterclaim for recovery on the policy. That was the first time the beneficiaries asserted any right to recover upon the policy. In other words, the beneficiaries allowed seven months of the applicable six-year Statute of Limitations to elapse before asserting their claim in litigation (Civ. Prac. Act, § 48). Although the beneficiaries have not placed themselves within the purview of section 426 of the Civil Practice Act with respect to waiver of the constitutional right to a jury trial in a civil action, the majority deem that the beneficiaries have waived that constitutional right by having permitted seven months out of six years to elapse before attempting to litigate their claim. With the exception of *Prudential Ins. Co. of America* v. *Haney* (163 Misc. 179), which is here being followed for the first time by an appellate court, the decisions where a party has been held to have waived a jury, without reliance by the court on the grounds stated in section 426 of the Civil Practice Act, have involved situations where trial without a jury of a common-law claim was expressly obtained either by placement of the case on the Special Term Calendar or in some

other way, and where the right to such nonjury trial was not properly contested (see, e.g., *MacKellar* v. *Rogers,* 109 N. Y. 468; *Baird* v. *Mayor, etc., of City of N. Y.,* 74 N. Y. 382; *Greason* v. *Keteltas,* 17 N. Y. 491; *Lavisch* v. *Schwartz,* 235 App. Div. 18; *Alfred Univ.* v. *Frace,* 193 App. Div. 279). But here, the beneficiaries are held to have waived their right to a jury trial before the matter was even in litigation, let alone before they were confronted with a choice as to the manner of trial. There is nothing here to indicate an express or implied voluntary relinquishment of a known right to a jury trial. Rather, the *Prudential* case (*supra*) actually stands for the proposition that a beneficiary who allows a few months to pass in the vain hope that the insurance company might allow itself to be trapped by its own two-year incontestability clause, has been guilty of reprehensible conduct and should be penalized by the loss of the right to have the case tried before a jury. The United States Supreme Court case (*American Life Ins. Co.* v. *Stewart,* 300 U. S. 203) cited by the majority, stands merely for the unrelated proposition that the right to a jury trial is not violated by first trying without a jury (prior to the trial of the common-law action) the insurance company's action for rescission in equity, even though determination of the equity action might be *res judicata* and a bar to further prosecution of the common-law action. On this appeal the question presented is simply whether the Special Term erred in ordering the common-law counterclaim of the beneficiaries to be tried before a jury in advance of trial of the claim for rescission. This court has already answered that question in the negative (*Greenberg* v. *Prudential Ins. Co. of America,* 246 App. Div. 727). In the *Greenberg* case (*supra*), we granted a motion to strike the case from the Special Term Calendar, to compel defendant to accept a note of issue with a jury demand, and stayed trial of defendant's counterclaim for rescission. We noted that the jury's determination of the common-law claim and of the affirmative defense of fraud would, in all events, render unnecessary trial of the issues raised on the claim for rescission. The other cases cited by the majority are not binding precedents. In the *Marcin* case (*New York Life Ins. Co.* v. *Marcin,* 164 Misc. 781), the decision is based on the erroneous premise that pleading a common-law counterclaim to a complaint sounding in equity is a waiver of a jury trial (Civ. Prac. Act, § 424). In the *Wolff* case (*Wolff* v. *Mut. Life Ins. Co. of N. Y.,* 154 Misc. 431, affd. 241 App. Div. 869), the court commented that it was probable that the beneficiary would succeed in the absence of the claim for rescission. In the case at bar, however, the record contains no such indication.